# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

EDWARD KATES
Inm No. 236586
East Jersey State Prison
1100 Woodbridge Road
Rahway, New Jersey 07065-5517
*Plaintiff*

RECEIVED

SEP 1 5 2014

AT 8:30_____ _____ᵛ
WILLIAM T. WALSH, CLERK

|  |  |
|---|---|
| | X |
| EDWARD KATES, | : |
| | : |
| Plaintiff, | : **CIVIL ACTION NO.** |
| | : |
| vs. | : |
| | : |
| NEW JERSEY GOVERNOR CHRIS CHRISTIE, | : |
| ACTING ATTORNEY GENERAL JOHN J. HOFFMAN, | : |
| COMMISSIONER GARY M. LANIGAN, JAMES T. | : |
| PLOUSIS, SAMUEL J. PLUMERI, JR.,  BRIAN | : **COMPLAINT** |
| T. BUTCH, ALLEN DelVENTO, CARMEN M. | : **AND JURY DEMAND** |
| GARCIA, LLOYD D. HENDERSON, JAMES B. | : |
| JEFFERSON, JULIO MARENCO, NORMAN | : |
| ROBERTSON, YOLETTE C. ROSS, RENI ERDOS, | : |
| THOMAS HAAF, MARY HUNT, CHARLIE JONES, | : |
| ROBERT RICCARDELLA, HOPE L. COOPER, | : |
| OSCAR DOYLE, LAURIE FUCHS, DAVID W. | : |
| THOMAS, LAWRENCE GREGORIO, DAWN MARIE | : |
| ADDIEGO, DIANE B. ALLEN, CHRISTOPHER | : |
| BATEMAN, JAMES BEACH, JENNIFER BECK, | : |
| ANTHONY R. BUCCO, RAJ MUKHERJI, GERALD | : |
| CARDINALE, RICHARD J. CODEY, MARIA | : |
| RODRIGUEZ-GREGG, SANDRA B. CUNNINGHAM, | : |
| MICHAEL J. DOHERTY, NIA H. GILL, ESQ., | : |
| ROBERT M. GORDON, LINDA R. GREENSTEIN, | : |
| JAMES W. HOLZAPFEL, THOMAS H. KEAN, JR., | : |
| JOSEPH M. KYRILLOS, JR., RAYMOND J. | : |
| LESNIAK, FRED H. MADDEN, JR., DONALD | : |
| NORCROSS, KEVIN J. O'TOOLE, STEVEN V. | : |
| OROHO, JOSEPH PENNACCHIO, NELIE POU, | : |
| RONALD L. RICE, M. TERESA RUIZ, NICHOLAS | : |
| J. SACCO, PAUL A. SARLO, NICHOLAS P. | : |

SCUTARI, ROBERT W. SINGER, BOB SMITH,                          :
BRIAN P. STACK, STEPHEN M. SWEENEY,                            :
SAMUEL D. THOMPSON, SHIRLEY K. TURNER,                         :
JEFF VAN DREW, JOSEPH F. VITALE, LORETTA                       :
WEINBERG, JIM WHELAN, NANCY J. PINKIN,                         :
ELIANA PINTOR MARIN, BOB ANDRZEJCZAK,                          :
MARY PAT ANGELINI, PETER J. BARNES, III,                       :
DANIEL R. BENSON, JON M. BRAMNICK, CHRIS                       :
A. BROWN, CHRISTOPHER J. BROWN, ANTHONY                        :
M. BUCCO, JOHN J. BURZICHELLI, RALPH R.                        :
CAPUTO, MARIENE CARIDE, MICHAEL PATRICK                        :
CARROLL, CAROLINE CASAGRANDE, UPENDRA J.                       :
CHIVUKULA, JACK M. CIATTARELLI, ROBERT                         :
D. CLIFTON, HERB CONAWAY, JR., SEAN                            :
CONNORS, CRAIG J. COUGHLIN, ROBERT                             :
AUTH, JOSEPH CRYAN, RONALD S. DANCER,                          :
WAYNE P. DeANGELO, BETTY-LOU DeCROCE,                          :
JOHN DiMAIO, PATRICK J. DIEGNAN, JR.,                          :
JOSEPH V. EGAN, TIMOTHY J. EUSTACE,                            :
ANGEL FUENTES, THOMAS P. GIBLIN, DiANNE                        :
C. GOVE, JERRY GREEN, LOUIS D. GREENWALD,                      :
REED GUSCIORA, AMY H. HANDLIN, MILA M.                         :
JASEY, ANGELICA M. JIMENEZ, GORDON M.                          :
JOHNSON, SEAN T. KEAN, PAMELA R. LAMPITT,                      :
CHARLES MAINOR, GREGORY P. McGUCKIN,                           :
ALISON LITTLE McHOSE, JOHN F. McKEON,                          :
PAUL D. MORIARTY, GABRIELA M. MOSQUERA,                        :
NANCY F. MUNOZ, JASON O'DONNELL, DECLAN                        :
J. O'SCANLON, JR., SHELIA Y. OLIVER,                           :
ERIK PETERSON, VINCENT PRIETO, ANNETTE                         :
QUIJANO, SAMUEL L. FIOCCHI, DAVID P.                           :
RIBLE, CELESTE M. RILEY, VINCENT MAZZEO,                       :
SCOTT T. RUMANA, BRIAN E. RUMPF, DAVID                         :
C. RUSSO, GARY S. SCHAER, HOLLY SCHEPISI,                      :
JOSEPH A. LAGANA, DONNA M. SIMON, TROY                         :
SINGLETON, PARKER SPACE, L. GRACE                              :
SPENCER, LINDA STENDER, SHAVONDA E.                            :
SUMTER, CLEOPATRA G. TUCKER, VALERIE                           :
VAINIERI HUTTLE, CARMELO G. GARCIA,                            :
BONNIE WATSON COLEMAN, JAY WEBBER,                             :
GILBERT L. WILSON, BENJIE E. WIMBERLY,                         :
JOHN S. WISNIEWSKI, and DAVID W. WOLFE,                        :
                                                               :
    Defendants.                                                :
                                                               :
_____X

2

## JURISDICTION

1.   Jurisdiction is asserted pursuant to 28 *U.S.C* § 1983; 28 *U.S.C* 1331; the Civil Rights Act of

1871 (42 *U.S.CS.* § 1983); Civil Rights of Institutionalized Persons Act, 42 *U.S.CS.* § § 1997-

1997j; 29 *U.S.C*§ 504 (the Rehabilitation Act); *N.J.S.A.* 52:14B-8 (the Administrative

Procedures Act); and, 42 *U.S.C* § 12132 (Americans with Disabilities Act of 1990); and *N.J.S.A.*

46: 2B-8b; and, the Fifth,[1] Sixth, Eighth, and Fourteenth [2] Amendments of the Constitution of

the United States.

## A. PARTIES

### Plaintiff

2.   Edward Kates, *Pro Se* Plaintiff, is a citizen of New Jersey, presently residing at East Jersey

State Prison, located at 1100 Woodbridge Road, in Rahway, New Jersey 07065-5517, in the

county of Middlesex.

### Defendants

3.   Defendant Chris Christie is the Governor for the State of New Jersey; he is the chief

executive officer of the State. In his constitutional role he is responsible for overseeing the

policies and practices of the New Jersey Legislature, the New Jersey State Parole Board, and the

New Jersey Department of Corrections. His address is Office of the Governor of New Jersey,

---

[1] The Fifth Amendment provides, in pertinent part, as follows: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury ... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law...

[2] The Fourteenth Amendment provides, in pertinent part, as follows: "...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

3

State House, 125 W. State Street, P.O. Box 001, Trenton, New Jersey 08625. Governor Christie is herein being named in his individual and/or official capacities, jointly and severally.

4.    Defendant John J. Hoffman, as the Acting Attorney General of the State of New Jersey, is the chief law enforcement officer of the State. In this constitutional role, see *N.J. Const.* Art. V, IV, ¶ 3, he is responsible for enforcing the laws of the State. His address is Office of the Attorney General, Division of law, P.O. Box 080, Trenton, New Jersey 08625-0080. Acting Attorney General Hoffman is herein being named in his individual and/or official capacities, jointly, and severally.

5.    Defendant Commissioner Gary M. Lanigan, is the Commissioner for the New Jersey Department of Corrections, and Chief Executive Officer of DOC. DOC is obligated under State law to provide for the custody, care, discipline, training and treatment of persons committed to State correctional institutions, *N.J.A.C.* 10A:1-1.1(a)(i). In addition, DOC is responsible for providing an environment for incarcerated persons that encourages rehabilitation and reintegration into the community. *N.J.S.A.* 30:1B-3(b); N.J.A.C. 10A:1-1.1(a) (2) (7). Defendant Lanigan, as Commissioner and Chief Executive Officer of DOC, is responsible for determining all matters of policy and for formulating, adopting, issuing and promulgating rules and regulations for DOC institutions. *N.J.S.A.* 30:1B-6(e), (g); N.J.A.C. 10A:1-2.4(a) (b). Commissioner Lanigan has refused to adopt or ensure the implementation of rules, regulations and policies to provide: (1) adequate Inmate Remedy System Form and/or Administrative Appeal procedures to Plaintiff, and other similarly situated prisoners, in addressing parole concerns and ensuring that DOC's parole procedures are followed; (2) adequate and appropriate training for parole counselors; (3) adequate and appropriate parole policies for Plaintiff, and other similarly situated prisoners, serving life terms; and (4) has primary responsibility for

4

directing and supervising the major operational and programmatic activities for the state's prisons as well as the training of classification and parole staff who preside over program assignments and the calculation and application of earned and awarded credits, whose address is Department of Corrections, Whittlesey Road, P.O. Box 863, Trenton, New Jersey 08625-0863. Commissioner Lanigan is herein being named in his individual, and/or official capacities, jointly, and severally.

6.    Defendant James T. Plousis, as the Chairman of the New Jersey State Parole Board (hereinafter "NJSPB"), has the power to adopt rules and regulations necessary to implement parole. Also as Chairman of the NJSPB oversees the operations of all DOC offices and facilities in the state, and provides standards and guidelines for parole. In these capacities, he is responsible for maintaining the separate legal construct of parole for prisoners serving non-numerical life terms. Chairman Plousis' address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Chairman Plousis is herein being named in his individual, and/or official capacities, jointly, and severally.

7.    Defendant Samuel J. Plumeri, Jr., as Vice-Chairman of the NJSPB, has been delegated the power to adopt rules and regulations necessary to implement parole. Also as Vice-Chairman of the NJSPB shares responsibility with Chairman Plousis for overseeing the operations of all DOC offices and facilities in the state, and provides standards and guidelines for parole. In these capacities, he is responsible for maintaining the separate legal construct of parole for prisoners serving non-numerical life terms. Vice-Chairman Plumeri's address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Vice-Chairman Plumeri is herein being named in his individual, and/or official capacities, jointly, and severally.

8.     Defendant Brian T. Butch, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Butch is herein being named in his individual, and/or official capacities, jointly, and severally.

9.     Defendant Allen DelVento, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member DelVento is herein being named in his individual, and/or official capacities, jointly, and severally.

10.    Defendant Carmen M. Garcia, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Garcia is herein being named in her individual, and/or official capacities, jointly, and severally.

11.    Defendant Lloyd D. Henderson, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Henderson is herein being named in his individual, and/or official capacities, jointly, and severally.

12.    Defendant James B. Jefferson, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board

6

Member Jefferon is herein being named in his individual, and/or official capacities, jointly, and severally.

13. Defendant Julio Marenco, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Marenco is herein being named in his individual, and/or official capacities, jointly, and severally.

14. Defendant Norman Robertson, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Robertson is herein being named in his individual, and/or official capacities, jointly, and severally.

15. Defendant Yolette C. Ross, she is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Ross is herein being named in her individual, and/or official capacities, jointly, and severally.

16. Defendant Reni Erdos, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Erdos is herein being named in her individual, and/or official capacities, jointly, and severally.

17. Defendant Thomas Haaf, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State

7

Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Haaf is herein being named in his individual, and/or official capacities, jointly, and severally.

18. Defendant Mary Hunt, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Hunt is herein being named in her individual, and/or official capacities, jointly, and severally.

19. Defendant Charlie Jones, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Jones is herein being named in his individual, and/or official capacities, jointly, and severally.

20. Defendant Robert Riccardella, is an Associate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Associate Board Member Riccardella is herein being named in his individual, and/or official capacities, jointly, and severally.

21. Defendant Hope L. Cooper, is an Alternate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Alternate Board Member Cooper is herein being named in her individual, and/or official capacities, jointly, and severally.

22. Defendant Oscar Doyle, is an Alternate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Alternate Board Member Doyle is herein being named in his individual, and/or official capacities, jointly, and severally.

8

23. Defendant Laurie Fuchs, is an Alternate Board Member of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Alternate Board Member Fuchs is herein being named in her individual, and/or official capacities, jointly, and severally.

24. Defendant David W. Thomas, is the Executive Director of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Executive Director Thomas is herein being named in his individual, and/or official capacities, jointly, and severally.

25. Defendant Lawrence Gregorio, is the Deputy Executive Director of the NJSPB, with the power to adopt rules and regulations necessary to implement parole, whose address is New Jersey State Parole Board, P.O. Box 862, Trenton, New Jersey 08625-0862. Deputy Executive Director Gregorio is herein being named in his individual, and/or official capacities, jointly, and severally.

26. Defendant Dawn Marie Addiego, is a Senator and member of the New Jersey State Legislature, (hereinafter the "Legislature"), with the power to adopt the rules, regulations, language, wording, and enactment of penal statutes, whose address is 176 Route 70, Suite 13, Medford, New Jersey 08055. Senator Addiego is herein being named in her individual, and/or official capacities, jointly, and severally.

27. Defendant Diane B. Allen, is a Senator and member of the Legislature, with the power to adopt the rules, regulations, language, wording, and enactment of penal statutes, whose address is 504 Route 130 North, Suite 100, Cinnaminson, New Jersey 08077. Senator Allen is herein being named in her individual, and/or official capacities, jointly, and severally.

9

28.   Defendant Christopher Bateman, is a Senator and member of the Legislature, with the power to adopt the rules, regulations, language, wording, and enactment of penal statutes, whose address is 36 East Main Street, Somerville, New Jersey 08876.  Senator Bateman is herein being named in his individual, and/or official capacities, jointly, and severally.

29.   Defendant James Beach, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1309 Route 70 West, Cherry Hill, New Jersey 08002.  Senator Beach is herein being named in his individual, and/or official capacities, jointly, and severally.

30.   Defendant Jennifer Beck, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 32 Monmouth Street, 3rd Floor, Red Bank, New Jersey 07701.  Senator Beck is herein being named in her individual, and/or official capacities, jointly, and severally.

31.   Defendant Anthony R. Bucco, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 75 Bloomfield Avenue, Suite 302, 3rd Floor, Denville, New Jersey 07834.  Senator Bucco is herein being named in his individual, and/or official capacities, jointly, and severally.

32.   Defendant Raj Mukherji, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 70 Hudson Street, 7th Floor, Hoboken, New Jersey 07030.  Assemblyman Mukherji is herein being named in his individual, and/or official capacities, jointly, and severally.

33.   Defendant Gerald Cardinale, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is

350 Madison Avenue, Cresskill, New Jersey 07626. Senator Cardinale is herein being named in his individual, and/or official capacities, jointly, and severally.

34. Defendant Richard J. Codey, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 66 West Mount Pleasant Avenue, Livingston, New Jersey 07039. Senator Codey is herein being named in his individual, and/or official capacities, jointly, and severally.

35. Defendant Maria Rodriguez-Gregg, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 176 Route 70, Suite 13, Medford, New Jersey 08055. Assemblywoman Rodriguez-Gregg, is herein being named in her individual, and/or official capacities, jointly, and severally.

36. Defendant Sandra B. Cunningham, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1738 Kennedy Boulevard, Jersey City, New Jersey 07305. Senator Cunningham is herein being named in her individual, and/or official capacities, jointly, and severally.

37. Defendant Michael J. Doherty, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 127 Belvidere Avenue, 2nd Floor, Washington, New Jersey 07882; and/or 245 Route 22, Suite 208, Bridgewater, New Jersey 08807. Senator Doherty is herein being named in his individual, and/or official capacities, jointly, and severally.

38. Defendant Nia H. Gill, Esq., is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is

425 Bloomfield Avenue, 2nd Floor, Montclair, New Jersey 07042. Senator Gill is herein being named in her individual, and/or official capacities, jointly, and severally.

39. Defendant Robert M. Gordon, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 14-25 Plaza Road, P.O. Box 398, Fair Lawn, New Jersey 07410; and/or 35 South Washington Avenue, Bergenfield, New Jersey 07671. Senator Gordon is herein being named in his individual and/or official capacities, jointly, and severally.

40. Defendant Linda R. Greenstein, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1249 South River Road, Suite 105, Cranbury, New Jersey 08512. Senator Greenstein is herein being named in her individual, and/or official capacities, jointly, and severally.

41. Defendant James W. Holzapfel, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 852 Highway 70, Brick, New Jersey 08724. Senator Holzapfel is herein being named in his individual, and/or official capacities, jointly, and severally.

42. Defendant Thomas H. Kean, Jr., is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 425 North Avenue East, Suite C, Westfield, New Jersey 07090; and/or 57 Union Place, Suite 310, Summit, New Jersey 07901; and/or 251 North Avenue West, 2nd Floor, Westfield, New Jersey 07090. Senator Kean, Jr., is herein being named in his individual, and/or official capacities, jointly, and severally.

43. Defendant Joseph M. Kyrillos, Jr., is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose

12

address is 1715 Highway 35, Suite 303, Middletown, New Jersey 07748. Senator Kyrillos, is herein being named in his individual, and/or official capacities, jointly, and severally.

44. Defendant Raymond J. Lesniak, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 985 Stuyvesant Avenue, Union, New Jersey 07083; and/or 65 Jefferson Avenue, Suite B, Elizabeth, New Jersey 07201. Senator Lesniak, is herein being named in his individual, and/or official capacities, jointly, and severally.

45. Defendant Fred H. Madden, Jr., is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 129 Johnson Road, Suite 1, Turnersville, New Jersey 08012; and/or 1379 Chews Landing Road, Laurel Springs, New Jersey 08021. Senator Madden, Jr., is herein being named in his individual, and/or official capacities, jointly, and severally.

46. Defendant Donald Norcross, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is Audubon Commons Shopping Center, 130 Blackhorse Pike, 1st Floor, Suite D-3, Audubon, New Jersey 08106; and/or Camden City Hall, 520 Market Street, Suite 104, Camden, New Jersey 08102; and/or Gloucester County Justice Complex Annex, 114 North Broad Street, Woodbury, New Jersey 08096. Senator Norcross, is herein being named in his individual, and/or official capacities, jointly, and severally.

47. Defendant Kevin J. O'Toole, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 155 Route 46 West, Suite 108, Wayne, New Jersey 07470. Senator O'Toole, is herein being named in his individual, and/or official capacities, jointly, and severally.

13

48. Defendant Steven V. Oroho, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 115 Demarest Road, Ste. 2B, Sparta, New Jersey 07871; and/or 227 Route 206, Bldg. 1, Station 15, Flanders, New Jersey 07836. Senator Oroho, is herein being named in his individual, and/or official capacities, jointly, and severally.

49. Defendant Joseph Pennacchio, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 330 Changebridge Road, Suite 102, Pine Brook, New Jersey 07058. Senator Pennacchio, is herein being named in his individual, and/or official capacities, jointly, and severally.

50. Defendant Nellie Pou, is a Senator and member of the Legislature, with the power to adopt rules, regulations, and language, wording, and enactment of penal statutes, whose address is 100 Hamilton Plaza, Suite 1405, Paterson, New Jersey 07505. Senator Pou, is herein being named in her individual, and/or official capacities, jointly, and severally.

51. Defendant Ronald L. Rice, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1044 South Orange Avenue, Newark, New Jersey 07106. Senator Rice, is herein being named in his individual, and/or official capacities, jointly, and severally.

52. Defendant M. Teresa Ruiz, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 166 Bloomfield Avenue, Newark, New Jersey 07104. Senator Ruiz, is herein being named in her individual, and/or official capacities, jointly, and severally.

53. Defendant Nicholas J. Sacco, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is

14

9060 Palisade Avenue, North Bergen, New Jersey 07047. Senator Sacco, is herein being named in his individual, and/or official capacities, jointly, and severally.

54. Defendant Paul A. Sarlo, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 496 Columbia Blvd., 1st Floor, Wood-Ridge, New Jersey 07075. Senator Sarlo, is herein being named in his individual, and/or official capacities, jointly, and severally.

55. Defendant Nicholas P. Scutari, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1514 E. Saint Georges Avenue, 2nd Floor, Linden, New Jersey 07036. Senator Scutari, is herein being named in his individual, and/or official capacities, jointly, and severally.

56. Defendant Robert W. Singer, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1771 Madison Avenue, Lakewood, New Jersey 08701. Senator Singer, is herein being named in his individual, and/or official capacities, jointly, and severally.

57. Defendant Bob Smith, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 216 Stelton Road, Suite E-5, Piscataway, New Jersey 08854. Senator Smith, is herein being named in his individual, and/or official capacities, jointly, and severally.

58. Defendant Brian P. Stack, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 411 Palisades Avenue, Jersey City, New Jersey 07307. Senator Stack, is herein being named in his individual, and/or official capacities, jointly, and severally.

59.  Defendant Stephen M. Sweeney, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 935 Kings Highway, Suite 400, West Deptford, New Jersey 08086; and/or 199 East Broadway, 1st Floor, Suite G, Salem, New Jersey 08079.  Senator Sweeney, is herein being named in his individual, and/or official capacities, jointly, and severally.

60.  Defendant Samuel D. Thompson, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 2501 Highway 516, Suite 101, Old Bridge, New Jersey 08857.  Senator Thompson, is herein being named in his individual, and/or official capacities, jointly, and severally.

61.  Defendant Shirley K. Turner, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1440 Pennington Road, Trenton, New Jersey 08618.  Senator  Turner, is herein being named in her individual, and/or official capacities, jointly, and severally.

62.  Defendant Jeff Van Drew, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 21 North Main Street, Cape May Court House, Cape May, New Jersey 08210; and/or 1124 North High Street, Milville, New Jersey 08332; and/or 1028 East Landis Avenue, Vineland, New Jersey 08360.  Senator Van Drew, is herein being named in his individual, and/or official capacities, jointly, and severally.

63.  Defendant Joseph F. Vitale, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 569 Rahway Avenue, Woodbridge, New Jersey 07095.  Senator Vitale, is herein being named in his individual, and/or official capacities, jointly, and severally.

64. Defendant Loretta Weinberg, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 545 Cedar Lane, Teaneck, New Jersey 07666. Senator Weinberg, is herein being named in her individual, and/or official capacities, jointly, and severally.

65. Defendant Jim Whelan, is a Senator and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 511 Tilton Road, Northfield, New Jersey 08225. Senator Whelan, is herein being named in his individual, and/or official capacities, jointly, and severally.

66. Defendant Nancy J. Pinkin, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 3 Stephenville Pkwy., Suite 2E, Edison, New Jersey 08820. Assemblywoman Pinkin, is herein being named in her individual, and/or official capacities, jointly, and severally.

67. Defendant Eliana Pintor Marin, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 73-75 Ferry Street, Newark, New Jersey 07105. Assemblywoman Pintor Marin, is herein being named in her individual, and/or official capacities, jointly, and severally.

68. Defendant Bob Andrzejczak, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 21 North Main Street, Cape May Court House, Cape May, New Jersey 08210; and/or 1124 North High Street, Milville, New Jersey 08332; and/or 1028 East Landis Avenue, Vineland, New Jersey 08360. Assemblyman Andrzejczak, is herein being named in his individual, and/or official capacities, jointly, and severally.

17

69.   Defendant Mary Pat Angelini, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1398 Highway 35, Suite 3, Ocean, New Jersey 07712. Assemblywoman Angelini, is herein being named in her individual, and/or official capacities, jointly, and severally.

70.   Defendant Peter J. Barnes, III, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 3 Stephenville Pkwy., Suite 2-E, Edison, New Jersey 08820. Assemblyman Barnes, III, is herein being named in his individual, and/or official capacities, jointly, and severally.

71.   Defendant Daniel R. Benson, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 3691A Nottingham Way, Hamilton Square, New Jersey 08690. Assemblyman Benson, is herein being named in his individual, and/or official capacities, jointly, and severally.

72.   Defendant Jon M. Bramnick, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 251 North Avenue West, 2nd Floor, Westfield, New Jersey, 07090. Assemblyman Bramnick, is herein being named in his individual, and/or official capacities, jointly, and severally.

73.   Defendant Chris A. Brown, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1801 Zion Road, Suite 1, Northfield, New Jersey 08225. Assemblyman Chris A. Brown, is herein being named in his individual, and/or official capacities, jointly, and severally.

74.   Defendant Christopher J. Brown, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose

address is 176 Route 70, Suite 13, Medford, New Jersey 08055. Assemblyman Christoher J. Brown, is herein being named in his individual, and/or official capacities, jointly, and severally.

75. Defendant Anthony M. Bucco, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1040 Route 10 West, 1st Floor, Randolph, New Jersey 07869. Assemblyman Bucco, is herein being named in his individual, and/or official capacities, jointly, and severally.

76. Defendant John J. Burzichelli, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 935 Kings Highway, Suite 400, West Deptford, New Jersey 08086; and/or 199 East Broadway, 1st Floor, Suite G, Salem, New Jersey 08079. Assemblyman Burzichelli, is herein being named in his individual, and/or official capacities, jointly, and severally.

77. Defendant Ralph R. Caputo, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 148-152 Franklin Street, Bellevile, New Jersey 07109. Assemblyman Caputo, is herein being named in his individual, and/or official capacities, jointly, and severally.

78. Defendant Mariene Caride, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 613 Bergen Boulevard, Ridgefield, New Jersey 07657. Assemblywoman Caride, is herein being named in her individual, and/or official capacities, jointly, and severally.

79. Defendant Michael Patrick Carroll, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 146 Speedwell Avenue, Morris Plains, New Jersey 07950. Assemblyman Carroll, is herein being named in his individual, and/or official capacities, jointly, and severally.

80.   Defendant Caroline Casagrande, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 35 West Main Street, Freehold, New Jersey 07728.  Assemblywoman Casagrande, is herein being named in her individual, and/or official capacities, jointly, and severally.

81.   Defendant Upendra J. Chivukula, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes,  whose address is 888 Easton Avenue, Somerset, New Jersey 08873.  Assemblyman Civukula, is herein being named in her individual, and/or official capacities, jointly, and severally.

82.   Defendant Jack M. Ciattarelli, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes,  whose address is 50 Division Street, Ste. 200, Somerville, New Jersey 08876.  Assemblyman Ciattarelli, is herein being named in his individual, and/or official capacities, jointly, and severally.

83.   Defendant Robert D. Clifton, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 516 Route 33 West, Bldg. 2, Suite 2, Milstone, New Jersey 08535.  Assemblyman Clifton, is herein being named in his individual, and/or official capacities, jointly, and severally.

84.   Defendant Herb Conaway, Jr., is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is Delran Professional Center, 8008 Route 130 North, Bldg. C, Suite 450, Delran. New Jersey 08075.  Assemblyman Conaway, Jr., is herein being named in his individual, and/or official capacities, jointly, and severally.

85. Defendant Sean Connors, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 3521 Kennedy Blvd., Jersey City, New Jersey 07307. Assemblyman Connors, is herein being named in his individual, and/or official capacities, jointly, and severally.

86. Defendant Craig J. Coughlin, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 569 Rahway Avenue, Woodbridge, New Jersey 07095. Assemblyman Coughlin, is herein being named in his individual, and/or official capacities, jointly, and severally.

87. Defendant Robert Auth, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 350 Madison Avenue, Cresskill, New Jersey 07626. Assemblyman Auth, is herein being named in his individual, and/or official capacities, jointly, and severally.

88. Defendant Joseph Cryan, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 985 Stuyvesant Avenue, Union, New Jersey 07083; and/or 65 Jefferson Avenue, Suite B, Elizabeth, New Jersey 07201. Assemblyman Cryan, is herein being named in his individual, and/or official capacities, jointly, and severally.

89. Defendant Ronald S. Dancer, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 405 Rt. 539, Cream Ridge, New Jersey 08514; and/or 2110 West Country line Road, Jackson, New Jersey 08527. Assemblyman Dancer, is herein being named in his individual, and/or official capacities, jointly, and severally.

90. Defendant Wayne P. DeAngelo, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 4621A Nottingham Way, Hamilton, New Jersey 08690. Assemblyman DeAngelo, is herein being named in his individual, and/or official capacities, jointly, and severally.

91. Defendant Betty-Lou DeCroce, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1055 Parsippany Blvd., Suite 104, Parsippany, New Jersey 07054. Assemblywoman DeCroce, is herein being named in her individual, and/or official capacities, jointly, and severally.

92. Defendant John DiMaio, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 245 Route 22, Suite 208, Bridgewater, New Jersey 08807; and/or 127 Belvidere Avenue, 2nd Floor, Washington, New Jersey 07882. Assemblyman DiMaio, is herein being named in his individual, and/or official capacities, jointly, and severally.

93. Defendant Patrick J. Diegnan, Jr., is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 908 Oak Tree Avenue, Unit P, South Plainfield, New Jersey 07080. Assemblyman Diegnan, Jr., is herein being named in his individual, and/or official capacities, jointly, and severally.

94. Defendant Joseph V. Egan, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 100 Bayard Street, New Brunswick, New Jersey 08901. Assemblyman Egan, is herein being named in his individual, and/or official capacities, jointly, and severally.

95.   Defendant Timothy J. Eustace, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 205 Robin Road, Suite 330, Paramus, New Jersey 07652; and/or 35 South Washington Avenue, Bergenfield, New Jersey 07671.  Assemblyman Eustace, is herein being named in his individual, and/or official capacities, jointly, and severally.

96.   Defendant Angel Fuentes, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is Audubon Commons Shopping Center, 130 Blackhorse Pike, 1st Floor, Suite D-3, Audubon, New Jersey 08106; and/or Camden City Hall, 520 Market Street, Suite 104, Camden, New Jersey 08102; and/or Gloucester County Justice Complex Annex, 114 North Broad Street, Woodbury, New Jersey 08096.  Assemblyman Fuentes, is herein being named in her individual, and/or official capacities, jointly, and severally.

97.   Defendant Thomas P. Giblin, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1333 Broad Street, Clifton, New Jersey 07013.  Assemblyman Giblin, is herein being named in his individual, and/or official capacities, jointly, and severally.

98.   Defendant DiAnne C. Gove, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 620 West Lacey Road, Forked River, New Jersey 08731.  Assemblywoman Gove, is herein being named in her individual, and/or official capacities, jointly, and severally.

99.   Defendant Jerry Green, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is

17 Watchung Avenue, Plainfield, New Jersey 07060. Assemblyman Green, is herein being named in his individual, and/or official capacities, jointly, and severally.

100. Defendant Louis D. Greenwald, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1101 Laurel Oak Road, Suite 150, Voorhees, New Jersey 08043. Assemblyman Greenwald, is herein being named in his individual, and/or official capacities, jointly, and severally.

101. Defendant Reed Gusciora, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 226 W. State Street, Trenton, New Jersey 08608. Assemblyman Gusciora, is herein being named in his individual, and/or official capacities, jointly, and severally.

102. Defendant Amy H. Handlin, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 280 Route 35, Suite 130, Red Bank, New Jersey 07701. Assemblywoman Handlin, is herein being named in her individual, and/or official capacities, jointly, and severally.

103. Defendant Mila M. Jasey, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 511 Valley Street, Maplewood, New Jersey 07040. Assemblywoman Jasey, is herein being named in her individual, and/or official capacities, jointly, and severally.

104. Defendant Angelica M. Jimenez, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 5600 Kennedy Blvd., Suite 104, West New York, New Jersey 07093.

Assemblywoman Jiminez, is herein being named in her individual, and/or official capacities, jointly, and severally.

105. Defendant Gordon M. Johnson, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 545 Cedar Lane, Teaneck, New Jersey 07666. Assemblyman Johnson, is herein being named in his individual, and/or official capacities, jointly, and severally.

106. Defendant Sean T. Kean, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1955 Highway 34, Bldg. 2A, Wall Township, New Jersey 07719. Assemblyman Kean, is herein being named in his individual, and/or official capacities, jointly, and severally.

107. Defendant Pamela R. Lampitt, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1101 Laurel Oak Rd., Suite 150, Voorhees, New Jersey 08043. Assemblywoman Lampitt, is herein being named in her individual, and/or official capacities, jointly, and severally.

108. Defendant Charles Mainor, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 2324 Kennedy Blvd., Jersey City, New Jersey 07304. Assemblyman Mainor, is herein being named in his individual, and/or official capacities, jointly, and severally.

109. Defendant Gregory P. McGuckin, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 852 Highway 70, Brick, New Jersey 08724. Assemblyman McGuckin, is herein being named in his individual, and/or official capacities, jointly, and severally.

110. Defendant Alison Littell McHose, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 115 Demarest Rd., Ste. 2B, Sparta, New Jersey 07871; and/or 227 Route 206, Bldg. 1, Ste. 15, Flanders, New Jersey 07836. Assemblywoman McHose, is herein being named in her individual, and/or official capacities, jointly, and severally.

111. Defendant John F. McKeon, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 250 Main Street, Madison, New Jersey 07940. Assemblyman McKeon, is herein being named in his individual, and/or official capacities, jointly, and severally.

112. Defendant Paul D. Moriarty, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 129 Johnson Road, Suite 1, Turnersvile, New Jersey 08012; and/or 1379 Chews Landing Road, Laurel Springs, New Jersey 08021. Assemblyman Moriarty, is herein being named in his individual, and/or official capacities, jointly, and severally.

113. Defendant Gabriela M. Mosquera, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 129 Johnson Road, Suite 1, Turnersvile, New Jersey 08012; and/or 1379 Chews Landing Road, Laurel Springs, New Jersey 08021. Assemblywoman Mosquera, is herein being named in his individual, and/or official capacities, jointly, and severally.

114. Defendant Nancy F. Munoz is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 57 Union Place, Suite 310, Summit, New Jersey 07901; and/or 425 North Avenue East, Suite C, Westfield, New Jersey 07090; and/or 251 North Avenue West, 2nd Floor,

Westfield, New Jersey 07090. Assemblywoman Munoz, is herein being named in her individual, and/or official capacities, jointly, and severally.

115. Defendant Jason O'Donnell, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 447 Broadway, Bayonne, New Jersey 07002. Assemblyman O'Donnell, is herein being named in his individual, and/or official capacities, jointly, and severally.

116. Defendant Dedan J. O'Scanlon, Jr., is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 32 Monmouth St., 3rd Floor, Red Bank, New Jersey 07701. Assemblyman O'Scanlon, Jr., is herein being named in his individual, and/or official capacities, jointly, and severally.

117. Defendant Shelia Y. Oliver, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 15-33 Halsted Street, Suite 202, East Orange, New Jersey 07018. Assemblywoman Oliver, is herein being named in her individual, and/or official capacities, jointly, and severally.

118. Defendant Erik Peterson, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 178 Center Street, Suite 2B, Clinton, New Jersey 08809. Assemblyman Peterson, is herein being named in his individual, and/or official capacities, jointly, and severally.

119. Defendant Vincent Prieto, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1249 Paterson Plank Rd., Scaucus, New Jersey 07094. Assemblyman Prieto, is herein being named in his individual, and/or official capacities, jointly, and severally.

120.  Defendant Annette Quijano, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 65 Jefferson Avenue, Suite B, Elizabeth, New Jersey 07201; and/or 985 Stuyvesant Ave., Union, New Jersey 07083.  Assemblywoman Quijano, is herein being named in her individual, and/or official capacities, jointly, and severally.

121.  Defendant Samuel L. Fiocchi, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 942 S. Delsea Drive, Unit A, Vineland, New Jersey 08360.  Assemblyman Fiocchi, Jr., is herein being named in his individual, and/or official capacities, jointly, and severally.

122.  Defendant David P. Rible, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1955 Highway 34, Bldg. 2A, Wall Township, New Jersey 07719.  Assemblyman Rible, is herein being named in his individual, and/or official capacities, jointly, and severally.

123.  Defendant Celeste M. Riley, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 199 East Broadway, 1st Floor, Suite G, Salem, New Jersey 08079; and/or 935 Kings Highway, Suite 400, West Deptford, New Jersey 08086.  Assemblywoman Riley, is herein being named in her individual, and/or official capacities, jointly, and severally.

124.  Defendant Vincent Mazzeo, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 511 Tilton Road, Northfield, New Jersey.  Assemblyman Mazzeo, is herein being named in his individual, and/or official capacities, jointly, and severally.

125.  Defendant Scott T. Rumana, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations,  language, wording, and enactment of penal statutes, whose address is 155 Route 46 West, Suite 108, Wayne, New Jersey 07470.  Assemblyman Rumana, is herein being named in his individual, and/or official capacities, jointly, and severally.

126.  Defendant Brian E. Rumpf, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 620 West Lacey Rd., Forked River, New Jersey 08731.  Assemblyman Rumpf, is herein being named in his individual, and/or official capacities, jointly, and severally.

127.  Defendant David C. Russo, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 22 Paterson Avenue, Midland Park, New Jersey 07432.  Assemblyman Russo, is herein being named in his individual, and/or official capacities, jointly, and severally.

128.  Defendant Gary S. Schaer, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations,  language, wording, and enactment of penal statutes, whose address is 1 Howe Avenue, Suite 302, Passaic, New Jersey 07055.  Assemblyman Schaer, is herein being named in his individual, and/or official capacities, jointly, and severally.

129.  Defendant Holly Schepisi, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 287 Kinderkamack Rd., Westwood, New Jersey 07675.  Assemblywoman Schepisi, is herein being named in her individual, and/or official capacities, jointly, and severally.

130.  Defendant Joseph A. Lagana, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 205 Robin Road, Suite 330, Paramus, New Jersey, 07652, and/or 35 South

Washington Avenue, Bergenfield, New Jersey 07671. Assemblyman Lagana, is herein being named in his individual, and/or official capacities, jointly, and severally.

131. Defendant Donna M. Simon, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 57 Main Street, Flemington, New Jersey 08822. Assemblywoman Simon, is herein being named in her individual, and/or official capacities, jointly, and severally.

132. Defendant Troy Singleton, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 20000 Horizon Way, Suite 190, Mount Laurel, New Jersey 08054. Assemblyman Singleton, is herein being named in his individual, and/or official capacities, jointly, and severally.

133. Defendant Parker Space, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 115 Demarest Road, Ste. 2B, Sparta, New Jersey 07871; and/or 227 Route 206, Bldg. 1, Ste. 15, Flanders, New Jersey 07836. Assemblyman Space, is herein being named in his individual, and/or official capacities, jointly, and severally.

134. Defendant L. Grace Spencer, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 223 Hawthorne Avenue, Newark, New Jersey 07112. Assemblywoman Spencer, is herein being named in her individual, and/or official capacities, jointly, and severally.

135. Defendant Linda Stender, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1801 East Second Street, 2nd Floor, Scotch Plains, New Jersey 07076.

Assemblywoman Stender, is herein being named in her individual, and/or official capacities, jointly, and severally.

136. Defendant Shavonda E. Sumter, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 191 Market St., Paterson, New Jersey 07505. Assemblywoman Sumter, is herein being named in her individual, and/or official capacities, jointly, and severally.

137. Defendant Cleopatra G. Tucker, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 400 Lyons Ave., Newark, New Jersey 07112. Assemblywoman Tucker, is herein being named in her individual, and/or official capacities, jointly, and severally.

138. Defendant Troy Singleton, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 20000 Horizon Way, Suite 190, Mount Laurel, New Jersey 08054. Assemblyman Singleton, is herein being named in his individual, and/or official capacities, jointly, and severally.

139. Defendant Parker Space, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 115 Demarest Road, Ste. 2B, Sparta, New Jersey 07871; and/or 227 Route 206, Bldg. 1, Ste. 15, Flanders, New Jersey 07836. Assemblyman Space, is herein being named in his individual, and/or official capacities, jointly, and severally.

140. Defendant L. Grace Spencer, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose

address is 223 Hawthorne Avenue, Newark, New Jersey 07112. Assemblywoman Spencer, is herein being named in her individual, and/or official capacities, jointly, and severally.

141. Defendant Linda Stender, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 1801 East Second Street, 2nd Floor, Scotch Plains, New Jersey 07076. Assemblywoman Stender, is herein being named in her individual, and/or official capacities, jointly, and severally.

142. Defendant Shavonda E. Sumter, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 191 Market St., Paterson, New Jersey 07505. Assemblywoman Sumter, is herein being named in her individual, and/or official capacities, jointly, and severally.

143. Defendant Cleopatra G. Tucker, is an Assemblywoman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 400 Lyons Ave., Newark, New Jersey 07112. Assemblywoman Tucker, is herein being named in her individual, and/or official capacities, jointly, and severally.

144. Defendant David W. Wolfe, is an Assemblyman and member of the Legislature, with the power to adopt rules, regulations, language, wording, and enactment of penal statutes, whose address is 852 Highway 70, Brick, New Jersey 08724. Assemblyman Wolfe, is herein being named in his individual, and/or official capacities, jointly, and severally.

## VENUE

145. Venue is proper in the District Court, Newark, because the cause of action arises there, where Defendants enforce the unconstitutionality of Plaintiff's sentence and the right to equal protection under the law. This action is properly brought in the District Court for Plaintiff attacks the legality of the statute and the relief sought herein is declaratory relief and for punitive and compensatory damages.

## STATEMENT OF CLAIMS

146. The Plaintiff, and other similarly situated prisoners are harmed by the stigmatizing, separate-but-unequal system of "life" terms maintained by New Jersey. The exclusion of the Plaintiff, and other similarly situated prisoners from a numerical top number is at best irrational, and at worst, an intentional signal of governmental disapproval of persons who have received a life term and an invitation to discriminate against lifers and their families.

147. Though the exclusion of life term prisoners lacks even a rational basis, the State's exclusion must be subjected to a heightened standard of review, because it is a classification based on arbitrary judicial assignment to impose it, and because it impinges upon fundamental rights.

## Claim One: Denial of Equal Protection Mandated by Article I, Paragraph 1 of the New Jersey Constitution

148. Plaintiff reallege and incorporate by reference the preceding allegations as if set forth fully herein.

149. Plaintiff does not seek an immediate or speedier release.

33

150.  Plaintiff asserts that favorable judgment would not necessarily imply the invalidity of his convictions or sentence.

151.  Plaintiff was sentenced on July 3, 1991, to a term of life imprisonment with a thirty (30) year period of parole ineligibility.

152.  Plaintiff claims that his sentence was not authorized by the code and is therefore illegal.

153.  Plaintiff claims that his sentence was not authorized by the code and/or violates equal protection mandated by Article I, Paragraph 1 of the New Jersey Constitution.

154.  Plaintiff claims that the Defendants had a duty and obligation to grant him relief for regardless whether a sentence is illegal because it exceeds the statutory maximum penalty authorized for such offense or because it was not imposed in accordance with law, action was warranted.

155.  Plaintiff claims that at the time of sentencing in the instant case, the code *N.J.S.A.* 2C:11-3(b) specified that he be sentenced to "a specific term of years which shall be *between* 30 years and life imprisonment of which the person shall serve 30 years before being eligible for parole."

156.  Plaintiff was neither sentenced to a term *between* 30 years and life, nor was he sentenced to ""the maximum term" ... of "30 years.""

157.  Plaintiff claims that as a matter of due process, penal statutes under our law must be strictly construed.

158.  Plaintiff claims that if there is any doubt as to the meaning of a penal statute, any ambiguity must be read in his favor.

159.  Plaintiff claims that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly and that *N.J.S.A.* 2C:11-3(b) is vague as a direct or proximate result of Defendants' actions omissions, or inactions.

160.  Plaintiff claims that if arbitrary and discriminatory enforcement by the Defendants is to be prevented, laws must provide explicit standards for those who apply them.

161.  Plaintiff claims that penal laws cannot be extended by implication of intentment.

162.  Plaintiff claims that where one or more reasonable interpretation may be made, the construction must be drawn against the State.

163.  Plaintiff claims that where the language is ambiguous, the construction must be drawn against the state.

164.  Plaintiff claims that the Defendants actions and/or inactions violate the doctrine of lenity, a corollary to the doctrine of strict construction, which dictates that when ambiguities cannot be resolved by either the statute's text or extrinsic aids, that a criminal statute must be interpreted in favor of the "Defendant." [3]

165.  Plaintiff claims that ambiguity of the statute has caused New Jersey State prosecutors to advocate for the indication of a "specific term" on the "top" number which the above named Defendants had the power and authority to authorize, and/or implement, and/or enact.

166.  Plaintiff claims that it is undisputed that according to the New Jersey Attorney General's Determination, based on the Parole Book, that a life sentence is equal to seventy-five (75) years.

167.  Plaintiff claims the Legislature Defendants did not intend a life sentence be imposed in all murder cases; it permits such a sentence but structures judicial discretion to impose it.

168.  Plaintiff claims that if NJSPB Defendants fail to ascribed a numerical value, i.e. 75 years, and/or fail to apply earned and awarded credits, the sentence he is serving will be greater than the maximum established by the code for such an offense.

---

[3] The word "Defendant" refers to the plaintiff in the instant action.

169. On August 26, 2013, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, ""Life" sentence imposed was not authorized by Code *N.J.S.A.* 2C:11-3(b)."

170. To date Plaintiff has not received a response to his Inmate Remedy System Form (IRSF) dated August 26, 2013.

171. According to Plaintiff's information, knowledge, and belief his IRSF dated August 26, 2013 has not been assigned a Case Number.

172. On September 1, 2013, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, "there is no remission of time from my sentence for earned "Work Credits" and/or "Minimum Credits" pursuant to *N.J.S.A.* 30:4-92."

173. Plaintiff's Inmate Remedy System Form dated September 1, 2013, was assigned Case Number: 13-9-249.

174. On September 3, 2013, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, "Please provide me with an ITEMIZED calculation of my "Work Credits" and "Minimum Credits."

175. Plaintiff's Inmate Remedy System Form dated September 3, 2013, was assigned Case Number: 13-9-112.

176. On September 6, 2013, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, ""Commutation Credit" or "good time" credit pursuant to *N.J.S.A.* 30:4-140 is not being applied to reduce my LIFE sentence which is equal to seventy-five (75) years pursuant to *N.J.S.A.* 30:4-113.51(a) and *N.J.S.A.* 30:4123.51(a)."

177. On or around September 20, 2013, DOC Defendants issued a response to Plaintiff's Inmate Remedy Systems Form dated September 1, 2013, which states in pertinent part, "Your release date for DOC will always be life. If you are requesting or inquiring about your Parole Eligibility then you must address your concerns with Parole."

178. On or around September 25, 2013, Plaintiff submitted an Administrative Appeal to DOC Defendants for his September 1, 2013, Inmate Remedy System Form, requesting DOC Defendants to apply "Work Credits," and "Minimum Credits" in remission of [his] sentence."

179. On October 10, 2013, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, ""Commutation Credit" or "good time" credit pursuant to *N.J.S.A.* 30:4-140 is neither being awarded nor applied to reduce my LIFE sentence which is equal to seventy-five (75) years pursuant to *N.J.S.A.* 30:4-113.51(a) and *N.J.S.A.* 30:4123.51(a). Please calculate, award, and apply Commutation Credit in remission of my sentence."

180. Subsequently, DOC Defendants issued an Inmate Remedy System Corrective Action Form, to Plaintiff's Inmate Remedy System Form dated October 10, 2013, which states in pertinent part, "The form you submitted did not contain **SPECIFIC** information. Please add additional information and resubmit. - What is your question?"

181. On October 17, 2013, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, "My "LIFE" sentence imposed was not authorized by code *N.J.S.A.* 2C:11-3(b) for it is not "...a specific term of years which shall be *between* 30 years and life imprisonment..." Please authorize correction."

182. Subsequently, DOC Defendants issued an Inmate Remedy System Corrective Action Form, to Plaintiff's Inmate Remedy System Form dated October 17, 2013, which states and

instructs in pertinent part, "Please place the letter, form or application into the US Mailbox to the courts: DOC [Defendants] are [in] no position to changing [sic.] your illegal sentence."

183. On October 21, 2013, DOC Defendants issued an Appeal Decision to Plaintiff's September 1, 2013, Inmate Remedy Systems Form Administrative Appeal, which upheld the decision.

184. On November 10, 2013, Plaintiff contacted Legislative Defendant Bonnie Watson Coleman, Assemblywoman, taking all due diligent effort to obtain relief prior to filing, by contacting Assemblywoman via U.S. First Class Mail, postage pre-paid.

185. On November 10, 2013, Plaintiff contacted Legislative Defendant Thomas H. Kean, Jr., United States Senator, taking all due diligent effort to obtain relief prior to filing, by contacting Senator Kean via U.S. First Class Mail, postage pre-paid.

186. On November 10, 2013, Plaintiff contacted NJSPB Defendant Samuel J. Plumeri, Jr., New Jersey Parole Board Vice-Chairman, taking all due diligent effort to obtain relief prior to filing, by contacting Vice-Chairman Plumeri, Jr., via U.S. First Class Mail, postage pre-paid.

187. On November 10, 2013, Plaintiff contacted NJSPB Defendant James T. Plousis, New Jersey Parole Board Chairman, taking all due diligent effort to obtain relief prior to filing, by contacting Chairman Plousis, via U.S. First Class Mail, postage pre-paid.

188. On November 10, 2013, Plaintiff contacted DOC Defendant Gary M. Lanigan, Commissioner for the New Jersey Department of Corrections, taking all due diligent effort to obtain relief prior to filing, by contacting Commissioner Lanigan, via U.S. First Class Mail, postage pre-paid.

189. Plaintiff asserts that on November 10, 2013, he contacted all of the Defendants named in the above listed caption seeking relief and that paragraphs 184 through 188 are representative of the Defendant categories, DOC Defendants, NJPB Defendants, and NJ Legislature Defendants.

190.   On December 5, 2013, Plaintiff received a response from Thomas Franta, Regional Supervisor, on behalf of New Jersey State Parole Board Defendants, which indicates in pertinent part, "In your letter you wrote that you believe that your Life Sentence was not authorized.  You also requested that your sentence be considered as 30 to 75 years and credits applied as such... As far as your parole eligibility is concerned, you must request an interview from the parole counselor staff assigned to East Jersey State Prison.  If you have any other  parole concerns you may contact the Unit Supervisor, Lawrence Adelman, at East Jersey State Prison."

191.   On December 25, 2013, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, "I respectfully request an interview with the "parole counselor staff assigned to East Jersey State Prison."

192.   Plaintiff's IRSF dated December 25, 2013, was assigned Case Number: 14-1-137.

193.   On or around January 25, 2014, Plaintiff's spouse, Pamela Kates, mailed each and every one of the above listed Defendants correspondence from Plaintiff, personally apprising him or her of the specific claims contained in this count and therein sought relief. [4]

194.   On or around January 28, 2014, Plaintiff met with a counselor who was unable or unwilling to grant relief.

195.   On February 4, 2014, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, "my "LIFE" sentence imposed was not authorized by code *N.J.S.A.* 2C:11-3(b) for it is not "...a specific term of years which shall be *between* 30 years and life imprisonment..." Please refer for correction."

---

[4] There were several subsequent changes to Defendants listed as New Jersey Legislature Members Which Plaintiff individually contacted on or around the time of appointment, and / or when correspondence such as the one mailed to Legislative Defendant Albert Coutinho was returned to him as undeliverable (postmarked January 25, 2014 – returned January 31, 2014), at which time Plaintiff individually contacted each new member which included Defendants Raj Mukerji, Maria Rodrguez-Gregg, Nancy J. Pinkin, Eliana Pintor Marin, Robert Auth, Thomas P. Giblin, Samuel L. Fiocchi, Vincent Mazzeo, Joseph A. Lagana, and Carmelo G. Garcia, requesting that each one personally grant relief.

196. Plaintiff's IRSF dated February 4, 2014, was assigned Case Number: 14-2-17.

197. On March 12, 2014, DOC Defendants failed to issue a responsive reply to Plaintiffs IRSF dated February 4, 2014, indicating in full, "Inmate is at NSP."

198. On February 10, 2014, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, ""Commutation Credit" or "good time" Credit pursuant to *N.J.S.A.* 30:4-140 is neither being awarded nor applied to reduce my LIFE sentence. Please refer for correction."

199. Plaintiff's IRSF dated February 10, 2014, was assigned Case Number: 14-2-194.

200. On March 18, 2014, DOC Defendants failed to issue a responsive reply to Plaintiff's IRSF dated February 10, 2014, indicating in full, "I/M in NSP as of 3/6/14."

201. On March 24, 2014, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, "My "LIFE" SENTENCE IMPOSED WAS NOT AUTHORIZED BY CODE *N.J.S.A.* 2C:11-3(b) FOR IT IS NOT "...A SPECIFIC TERM OF YEARS WHICH SHALL BE *BETWEEN* 30 YEARS AND LIFE IMPRISONMENT..." PLEASE REFER FOR CORRECTION."

202. On March 27, 2014, Plaintiff submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, "MY "COMMUTATION CREDIT" OR "GOOD TIME" CREDIT PURSUANT TO *N.J.S.A.* 30:4-140, IS NEITHER BEING AWARDED NOR APPLIED TO REDUCE MY LIFE SENTENCE. PLEASE REFER FOR CORRECTION."

203. On June 20, 2014, Plaintiff submitted an Inmate Inquiry Form, Form IRSF-101, substantively similar to claims set forth in paragraphs 176, 179, 198 and 202.

204. On July 22, 2014, Plaintiff submitted an Inmate Grievance Form, Form IRSF-100, which was assigned Case Number 14 – 07 – 0095.

## Claim Two: Denial of the Fundamental Right to Equal Treatment Protected by Article I, Paragraph 1 of the New Jersey Constitution

205. Plaintiff reallege and incorporate by reference the preceding allegations as if set forth fully herein.

206. Plaintiff does not seek an immediate or speedier release into the community nor a judicial determination that necessarily implies the unlawfulness of the State's custody.

207. Defendants, by treating Plaintiff differently from others serving a life sentence for murder, has created separate categories in violation of the constitutional guarantee to equal protection under the law.

208. Plaintiff herein challenges statute *N.J.S.A.* 2C:11-3(b) as interpreted or applied.

209. Prisoner Khalif James, SBI NO. 149388-C, was sentenced to a life term with no numerical top number and as such is similarly situated to Plaintiff.

210. On July 9, 2011, prisoner Khalif James, a person who is similarly situated to Plaintiff, submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.* 10A:1-4, which states in pertinent part, "what is the maximum on a life sentence?"

211. Prisoner James' IRSF dated July 9, 2011, received Case Number: 11-07-264.

212. On or around July 22, 2011, Inmate James' IRSF dated July 9, 2011, received a response which indicates in pertinent part, "In answering your question 75 years is considered Life."

213. Prisoner Kenneth Wilson, SBI NO. 130668-B, was sentenced to a life term with no numerical top number and as such is similarly situated to Plaintiff.

214. On October 14, 2013, prisoner Kenneth Wilson, a person who is similarly situated to Plaintiff, submitted an Inmate Remedy System Form, Form: IRSF 101, pursuant to *N.J.A.C.*

41

10A:1-4, which states in pertinent part, "Each adult inmate sentenced to a term of life imprisonment shall become eligible for parole after having served any judicial or statutory mandatory minimum ... less commutation time for good behavior ... I formally request to be awarded Commutation Time and to have it applied in the remission of my sentence."

215.   Prisoner Wilson's IRSF dated October 14, 2013, received Case Number: 13-10-135.

216.   On October 18, 2013, DOC Defendants issued a response to Wilson's October 14, 2013, IRSF which indicates in pertinent part, "Commutation time is not applied to your sentence.  It is only applied to your parole eligibility."

217.   On November 1, 2013, prisoner Wilson contacted NJSPB Defendant Samuel J. Plumeri, Jr., who referred the matter for response.

218.   On November 19, 2013, prisoner Wilson received a response from Defendant Plumeri, Jr., through Jennifer Watkins which states in pertinent part, "you are unable to earn any commutation time off your PED ... You are misquoting that the statute implies."

219.   Plaintiff maintains that Commutation Credits are not "earned," but are awarded pursuant to N.J.S.A. 30:4-140.

220.   Plaintiff claims that penal statutes under our law must be strictly construed and are not open to implication.

221.   Plaintiff claims that prisoner James is one of numerous prisoners similarly situated who have received varied interpretations of the meaning of the penal statute.

222.   Plaintiff claims that prisoner Wilson is one of numerous prisoners similarly situated who have received varied interpretations of the meaning of the penal statute.

223.   What is of further concern is that prosecutors referred to other "murder" sentences where their understanding of a sentence pursuant to the statute was imposed.

224. Prisoners, who are similarly situated to Plaintiff, have been released immediately upon eligibility whereas others have not.

## Claim Three: Denial of Equal Protection Mandated by the Fourteenth Amendment to the United States Constitution, in Violation of 42 *U.S.C* § 1983

225. Plaintiff reallege and incorporate by reference the preceding allegations as if set forth fully herein.

226. The Fourteenth Amendment to the Constitution of the United States provides that "no State shall ... deny any person within its jurisdiction the equal protection of the laws."

227. Denying the Plaintiff, and other similarly situated prisoners the ability to be accorded a numerical top number to their term for purposes of parole, or the application of Commutation, Work, and Minimum credits, and instead shunting them into a murky class, violates the Equal protection Clause of the Fourteenth Amendment. The State improperly distinguishes between New Jersey prisoners sentenced to numerical top terms on the one hand and New Jersey prisoners sentenced to ambiguous life terms on the other, and excludes only life sentences to application of earned and awarded credits, with harmful consequences to those families defined by connection to prisoners sentenced to a life term.

228. In their family relationships, Plaintiff and his family are similarly situated to numerical term prisoners and their families in every way relevant to the State-sponsored institution of parole eligibility. The State thus discriminates between similarly situated individuals on the basis of the prisoners' ambiguous sentence, and impermissibly classifies their families legal standing on the bases of the prisoners' non-numerical top term.

229. There is no legitimate governmental object to be attained by treating the relationships of life term prisoners differently as if inferior to the relationships of numerical term prisoners. Rather, given that the State has already conceded that the Attorney General determination that

43

life is equivalent to seventy-five (75) years for parole purposes, and that State prosecutors have advocated for a numerical top term, the maintenance of a separate legal status for life term prisoners has no purpose other than to preserve and perpetuate discrimination. It does just that.

230. The legislative classification embodied in the statute does not serve even a legitimate and rational government purpose and cannot satisfy any standard of review. Moreover, it was enacted to single out for disfavored status a politically vulnerable minority that has historically been targeted for discrimination based on immutable characteristics unrelated to the ability to contribute to society. Thus, heightened scrutiny of the legislative classification embodied in the statute, and of the exclusion of prisoners sentenced to life terms from application of earned and awarded credits, is warranted because the State places life term prisoners in a separate category without rational justification.

231. Plaintiff alleges that the written will of the legislative department, expressed according to the form necessary to constitute it a law of the United States or of the state, and rendered authentic by certain prescribed forms and solemnities. In a broader sense, inclusive of an act of the legislature, an administrative regulation, or any enactment, from whatever source originating, to which the state gives the force of law.

## Claim Four: Denial of Substantive Due Process Protected by the Fourteenth Amendment to the United States Constitution in Violation of 42 *U.S.C* § 1983

232. Plaintiff reallege and incorporate by reference the preceding allegations as if set forth fully herein.

233. The Fourteenth Amendment to the Constitution of the United States precludes any State from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" *U.S*

44

*Const.* amend. XIV, 1. The Due Process Clause dictates that governmental interference with a fundamental right may be sustained only upon a showing that the burdening legislation is narrowly tailored to serve a compelling governmental interest.

234. This due process guarantee protects choices central to personal dignity and autonomy and provides individuals the right to demand respect for conduct protected by the substantive guarantee of liberty.

235. Federal law recognizes that equal treatment is a personal, fundamental right, and the substantive liberty protected by the Due Process Clause protects personal decisions relating to parole which, since 1979, Legislative Defendants deemed to be presumptive. A numerical term is a singular and unitary institution denied to the Plaintiff, and other similarly situated prisoners from exercising a fundamental liberty interest by denying them access to the universally recognized institution of numerical terms.

236. Life terms do not fulfill New Jersey's due process obligations to the Plaintiff, and other similarly situated prisoners. This legal status is distinct and inferior, and serves only to discriminate against individuals serving a life sentence, who are denied access to the same considerations accorded to those with a numerical top term. Thus, the exclusion of prisoners serving life terms from the same benefits and considerations of those with a numerical top term, on its face and as applied to Plaintiff, violates the Due Process Clause.

237. Insofar as they are excluding the Plaintiff, and other similarly situated prisoners from the benefits and considerations accorded to those serving a sentence with a numerical top number, the Defendants, acting individually and/or under the color of state law, are depriving and will continue to deprive Plaintiff of the right to due process of the law secured by the Fourteenth Amendment to the Constitution of the United States, in violation of 42 *U.S.C* § 1983.

45

## Claim Five: Breach of Contract

238. Plaintiff reallege and incorporate by reference the preceding allegations as if fully set forth fully herein.

239. Plaintiff does not seek an immediate or speedier release into the community nor a judicial determination that necessarily implies the unlawfulness of the state's custody.

240. Petitioner has been actively employed by the State of New Jersey, New Jersey Department of Corrections, continuously from August 8, 1991, to the present, and works for pay and credits.

241. Petitioner was assigned "Work Credits" on or around August 8, 1991.

242. Petitioner was assigned "Gang Minimum Status" on or around April 27, 2007, and has given up certain rights and privileges (such as single-cell housing) in exchange for status.

243. Petitioner has assumed certain duties coeval with status (such as required utilitarian dorm maintenance, domestic engineering responsibilities, etc.).

244. Both Work Credits and Minimum Credits are *earned* credits, as distinct from those which are *awarded* pursuant to *N.J.S.A.* 30:4-140; petitioner is engaged in a statutory and contractual relationship with Defendants.

245. Plaintiff claims that the Defendants acts or omissions have breached the statutory, contractual, and constitutional obligation(s) they hold to Plaintiff, and other similarly situated prisoners concerning Work Credits and Minimum Credits, which are earned and not awarded, and for which Plaintiff, and other similarly situated prisoners receive no consideration.

246. Plaintiff claims that the Defendants acts or omissions have breached the statutory, contractual, and constitutional obligation(s) they hold to Plaintiff, and other similarly situated prisoners concerning Work Credits and Minimum Credits, which are earned and not awarded,

and for which Plaintiff, and other similarly situated prisoners receive no consideration, in violation of *N.J.S.A.* 52: 14B-8 of the Administrative Procedures Act.

247. Plaintiff claims that Defendants acts or omissions breach the APA by engaging in rule making that asserts that earned work and minimum credits will only be awarded if Plaintiff, or other similarly situated prisoners receives a parole denial at the expiration of a mandatory minimum term.

248. Plaintiff claims that the Defendants acts or omissions have breached the statutory, contractual, and constitutional obligation(s) they hold to Plaintiff, and other similarly situated prisoners concerning Work Credits, which are earned and not awarded, and for which Plaintiff, and other similarly situated prisoners accumulates and for which Plaintiff, and other similarly situated prisoners receives no consideration, in violation of the Fair Labor Standards Act (FLSA).

249. Plaintiff claims that the Defendants acts or omissions have breached the statutory, contractual, and constitutional obligations they hold to Plaintiff, and other similarly situated prisoners concerning Work Credits, which are earned and not awarded, and for which Plaintiff, and other similarly situated prisoners accumulates and for which Plaintiff, and other similarly situated prisoners receives no consideration, in violation of the provisions of the Parol Contract which is only partially in writing. [5]

250. Plaintiff claims that the Defendants acts or omissions have breached the statutory, contractual, and constitutional obligation(s) they hold to Plaintiff, and other similarly

---

[5] Also termed "oral contract," "parol agreement." *Black's Law Dictionary*, Seventh Ed., Bryan A. Garner, Editor-in-Chief, West Group, St. Paul, Minn., 1999 (p.323-24).

47

situated prisoners concerning Work Credits and/or Minimum Credits, which are earned and not

awarded, and for which Plaintiff, and other similarly situated prisoners accumulates and for

which Plaintiff, and other similarly situated prisoners receives no consideration, and are practices

that breach the synallagmatic contract by breaching its correlative obligation. [6]

251.  Plaintiff claims that the Defendants acts or omissions have breached the statutory,

contractual, and constitutional obligation(s) they hold to Plaintiff, and other similarly situated

prisoners concerning Work Credits and/or Minimum Credits, which are earned and not awarded,

and for which Plaintiff, and other similarly situated prisoners accumulates and for which

Plaintiff, and other similarly situated prisoners receives no consideration, and are practices

rendering the contract to be an illusory contract. [7]

252.  Plaintiff claims that according to his knowledge and belief there are no ongoing state

proceedings relative to this matter to which plaintiff is a named party.

## Claim Six: Unequal Treatment and Lack of Recognition in Public Accommodations and Civic Life

253.  Plaintiff reallege and incorporate by reference the preceding allegations as if set forth fully

herein.

254.  The Plaintiff is harmed because the novel legal status of a "life sentence" to which he is

relegated is largely unknown, unfamiliar, and not recognized to have a numerical value in New

Jersey, and may be recognized to have a numerical value outside the State.  This means that in

---

[6] A synallagmatic contract is a "mutual agreement." A contract in which the parties obligate themselves reciprocally, so that the obligation of each party is correlative to the other. A synallgmatic contract is essentially the civil-law equivalent of the common law's bilateral contract. Black's Law Dictionary, Seventh Ed., Bryan A. Garner, Editor-in-Chief, West Group, St. Paul, Minn., 1999 (p. 325).

[7] An illusory contract is an agreement in which one party gives as consideration a promise that is so unsubstantial as to impose no obligation.  The insubstantial promise renders  the contract unenforceable.  Idem. (p.322).

daily transactions from the mundane to the momentous, lifers experience a lack of recognition of their legal status, which results in the denial of civil rights in a variety of public accommodations and facets of civic life.

255. The Plaintiff prisoner, and other prisoners sentenced to life terms have been denied access to receive application of Commutation Credits, Work Credits, Minimum Credits, and in a variety of contexts, from considerations and situations impacting life and liberty to routine sentence assessments, employment opportunities, housing reviews, by both public and private sectors. Specifically, the Plaintiff, and other prisoners sentenced to a life term have found many DOC personnel, New Jersey Parole Board Members, Members of the New Jersey Legislature, Government officials and private individuals are unfamiliar with the term "life sentence" or the "duration" of a life term nor are they familiar with how to assess or apply awarded and/or earned credits or suitability for program participation. Doc forms and Parole Board Member responses, and DOC personnel responses, including Inmate Remedy System Form replies utilized during complaint procedures, do not provide for consistent and uniform designation of life term status, and recognize instead only the modern English meaning ascribed to "life." The Plaintiff, and other prisoners sentenced to a life term, have found that their relationships to the public and private sectors have been tenuously defined at best -- designations are inaccurate, diminishing, and accord no legal status, access, or decision making authority in penal settings.

256. Because of the way in which his relationships and status are labeled differently by the State, the Plaintiff, and other prisoners similarly situated must be subjected to arbitrary and subjective treatment, in a manner that is discriminatory, unfair and violates their rights. This forced nebulous treatment impinges on the Plaintiff's activities in the public sphere, including the

quintessential civic duty of engaging in program participation that provides the ability for recompense, such as "Half-way House" and "Half-Way Back" placement.

257. The Plaintiff, and other similarly situated prisoners have experienced confusion about their status when seeking government and private-sector services that require eligibility, as the forms, codes, and statutes fail to acknowledge "life" sentences as worthy or eligible to meet required criteria. These experiences occur frequently, in a wide variety of contexts including program eligibility, parole counselors' routine appointments, and with an array of other service providers. In other aspects of public life, the Plaintiff, and other similarly situated prisoners and their families are burdened with the need to explain and justify their legal relationship, as a direct consequence of their exclusion from program participation and segregation into the category of "lifers."

258. When Plaintiff is released and will travel, as have other similarly situated prisoners who have been released and their families are harmed by the denial of access to services. A "Life sentence," which currently exists in some states, is not a well-understood term with a fixed meaning as are numerical terms. Therefore, when released and travailing in New Jersey, the Plaintiff, and other similarly situated prisoners and their families are again unable to convey the nature of their relationship to the law and of having paid one's debt to society and unable to assess the set of rights and privileges that having served one's term provides. Even when traveling in states that do not recognize life sentences, the relationships of Plaintiff, and other New Jersey similarly situated prisoners and their families are regarded as less than equal.

259. Furthermore, many states, including regional neighbors, recognize life term prisoners validly paid their debt to society in other jurisdictions. But life term prisoners have had to litigate in order to have their status recognized, or gain permission to leave the state of New

Jersey, and in many areas and jurisdictions, recognition of having served one's sentence in full remains an open question. Thus, in many jurisdictions life term status denies these prisoners and their families the same basis to claim rights and responsibilities that is given to numerical term prisoners and their families in jurisdictions that currently respect the rights of numerical term prisoners, because "life," as the Defendants makes clear, is not the same as a "numerical term," and thus has no cognate in the laws of those states.

## Claim Seven: Unequal Parole Considerations and Protections

260.  Plaintiff realleges and incorporate by reference the preceding allegations as if fully set forth fully herein.

261.  The Plaintiff, and other similarly situated prisoners are denied parole consideration benefits equivalent to those who are afforded a numerical "top number" on their term, because of the novel nomenclature that New Jersey has created to define their legal relationships and standing. Although under the state and federal law the New Jersey State Parole Board and its Members are supposed to provide equal consideration to those serving life sentences as to those who are not, in practice this frequently does not occur. Those sentenced to life terms are rarely granted parole when their stipulative term has been satisfied despite the fact that they have done nothing wrong to warrant a parole "hit." In many instances, this difference means that those serving a life term are denied the same level of benefits and consideration provided to those with a numerical term on top, or are forced to do substantially more time before attaining the same benefits afforded others.

262.  NJSPB Defendants habitually deny parole to prisoners such as Plaintiff who are serving a life term on the justification that the prisoner has not properly completed certain program

assignments which DOC Defendants fail to assign. Life term prisoners are oftentimes shunted on a "waiting list" for program participation, and DOC Defendants give deference to prisoners with a numerical top term by assigning them to programs. Life term prisoners are treated as a separate category and do not have the benefit of the rights, obligations, and protections conferred on prisoners with a numerical top term.

263. In other jurisdictions, where those sentenced to life terms are released upon completing their stipulative sentences, parole panels commonly extend benefits to those serving life terms as to those with a numerical top number, even if current federal law would allow them to discriminate. However, in New Jersey, where life term prisoners are designated by a separate term and are never recognized as equivalent to those with a top number on their sentence (because even if the state's Attorney General deems "life" to be equivalent to seventy-five years, or where jurisdictional prosecutors opt for a numerical top number on a life sentence, the courts and/or the New Jersey State Parole Board recognizes them only as indeterminate), they are not viewed as having "MAX-OUT" when their stipulative sentence has been satisfied and parole members often deny benefits and the application of commutation, work, and minimum credits to those serving a life sentence. Often, the Plaintiff, and other similarly situated prisoners and their families are forced to engage in litigation options or incur additional expenses to hire counsel to provide a voice before Parole Board Defendants for themselves and their families, because they lack the legal status of those with a numerical top number -- even if the state advocates for a numerical top number ascribed on life sentences. For example, Plaintiff's spouse, Pamela Kates, has brunt the costs for Plaintiff's need to meet legal expenses in the past. Plaintiff's spouse runs a non-profit organization and her funds are limited. She has had to limit her employment to jobs that offer time for her to visit with the Plaintiff and provide mental, emotional and financial

support. Plaintiff's spouse has contemplated taking out a second mortgage on her home in order to advance the instant action, Complaint under 42 *U.S.C* §1983, despite the hardship that doing so would incur. Plaintiff's spouse, upon Plaintiff's parole eligibility on October 24, 2020, will undoubtedly incur great expense hiring counsel to provide a voice before the New Jersey State Parole Board, with the express caveat that the commitment is for an uncertain result and to seek application of credits that are statutorily assured. Such uncertainty, and the great anxiety and worry that it creates for Plaintiff and his spouse, would not exist but for Defendants acts or omissions.

## Claim Eight: Disparate and Unfair Financial Burdens

264. Plaintiff reallege and incorporate by reference the preceding allegation as if set forth fully herein.

265. Because they are denied immediate application of commutation, work, and minimum credits and its statutory and universally recognized meaning, the Plaintiff, and other similarly situated prisoners incur additional costs to ensure that their constitutional rights, family relationships, and civic obligations are properly understood, enforceable, and protected in light of their separate categorization. Access to earned and awarded credits would reduce or obviate the need for specialized legal services for those serving a life sentence.

266. Many prisoners like the Plaintiff who are serving a life sentence, have incurred unnecessary expense in seeking a definitive reply from Defendants of the length of time ascribed to a life term, and have often been met with disparate and contradictory calculations from Defendants.

267.  Several prisoners like the Plaintiff who are serving a life sentence, have pursued and paid for court proceedings to seek application of earned and awarded credits, because they are deeply concerned that the presumption of sentence satisfaction upon completion of the stipulative portion will not be applied to them, as members of a lifer's group.

268.  Many prisoners like the Plaintiff who are serving a life sentence experience complications and confusion when reaching parole consideration, because professionals often do not understand the meaning of a "life sentence."  Some prisoners similarly situated to Plaintiff are awarded immediate release by Defendants when they reach their parole eligibility date whereas others have trouble getting their parole package handled properly at the New Jersey Parole Board, by Counselors, Members, and Panels, who are often unfamiliar with life terms.

269.  Similarly situated prisoners have addressed sentencing  matters in the State courts who have failed to apply a numerical designation to a life term, opting instead to defer to the New Jersey Legislature Defendants' responsibility.  Plaintiff, and similarly situated prisoners are hindered from engaging in state court challenges to the statute and its discriminatory effects, and will not gain the rights and benefits that will be available outside of federal litigation: under New Jersey law, the ambiguity of the statute is not illegal, and a life term has no established legal numerical assignation in relation to benefits and credit application.


## Claim Nine:  Encouraging Discrimination by Private Individuals

270.  Plaintiff reallege and incorporate by reference the preceding allegations as if fully set forth fully herein.

271.  By New Jersey Legislature Defendants' failure to adequately define a life sentence, and/or apply earned and awarded credits, and/or adopt a numerical value for the top of a life term, and

thereby labeling life sentences as different from those with numerically determined ranges, the State ratifies and legitimizes the notion that prisoners sentenced to life terms are worthy of less stature in society and encourages discrimination by the State Parole Board against Plaintiff and other similarly situated people. The State's exclusion of prisoners serving a life term from equitable consideration and benefits upon parole eligibility and creation of a separate category for them triggers and fuels social stigma, harassment, discrimination, and even violence against people who are serving a life term.

272. State-created ambiguity enables discrimination by forcing the Plaintiff, and other similarly situated prisoners to fight for application of awarded and earned credits in order to realize benefits to which they are legally entitled. Because a prisoner serving a life term is denied access to the legal status of those serving a term with a "numerical" value on "top," they often must litigate in order to receive equal employment considerations, or housing approval in situations where otherwise they might not chose to, or where they would not legally be forced - or even have - to do so. For instance, this invasion of privacy occurs when a released prisoner must explain to his or her employer about the practices of Parole Defendants that would automatically be understood in the context of benefits extended to prisoners with a numerical term, or must inquire whether a prospective employer will extend employment to a lifer. Prospective employers often do not know what a "life sentence" is, or would not provide employment for persons sentenced to life terms. Employers, and private individuals, find it dubious that a "life" sentence could ever be satisfied and Plaintiff wonders whether some potential employers will discriminate against him and not hire him because of the non-numerical ambiguity.

## Claim Ten: Stigmatization, Psychological Harm, and Dignitary Harm

273. Plaintiff reallege and incorporate by reference the preceding allegations as if fully set forth fully herein.

274. By distinguishing between the nebulous relationship Plaintiff legally holds to the law, in contrast to those persons who are accorded numerical top terms, the government labels persons who are serving life terms, and their families with a badge of inferiority. Exclusion of persons serving a life term from earned and awarded credits, and/or from a numerical value to the term, also perpetuates false and harmful stereotypes about lifers, such as that they are beyond redemption, not worthy of consideration or benefits, incapable of rehabilitation, and sub-optimal parents.

275. Social science and medical literature establishes that repeated stigmatization and exposure to discrimination has consequences that go beyond mere passing indignity. Such stigmatization and discrimination can impose lasting and even permanent physical, emotional, and psychological harm.

276. Petitioner seeks declaratory judgment against Defendants in part to put and end to such practices which are harmful to society as a whole, and can foster recidivism.

## Claim Eleven: Additional Specific Harms to Family Members

277. Plaintiff reallege and incorporate by reference the preceding allegations as if fully set forth fully herein.

278. Furthermore, Defendant's actions or inactions towards Plaintiff, and other similarly situated prisoners who are serving a life term have failed to remedy the unconstitutional circumstances in which "inequalities" are borne by the family members of life term prisoners.

56

As before, the law of the State visits on these family members a flawed and inferior scheme directed at the prisoner. In affording fewer benefits and less consideration to families of life term prisoners while at the same time disproportionately imposing financial burdens upon such households, the unequal treatment of life term prisoners causes direct and indirect dignitary harm to the families of life term prisoners, and their progeny.

279. Children in households headed by parents, one of whom is serving a life term, are harmed by the fact that their parent is excluded from the same rights, privileges, and benefits as those serving numerical top terms. They suffer from stigma directed at the parent as a consequence of their State-imposed second-class status, and their family unit is denied the same level of security and legal protection afforded to peers with a parent who is accorded a numerical top term.

280. The Plaintiff, and other similarly situated prisoners in New Jersey cannot invoke the status of a numerical term prisoner in order to communicate to their children and others the depth and certainty of benefits a numerical term accords, and even young children, readily understand and respect. The children are left to grow up with the State-sponsored message that their parent and family is inferior to others and that they and their parent does not deserve the same societal recognition and support as families headed by numerical term prisoners do.

281. The benefits of a 75 year numerical top term on life sentences and application of earned and awarded credits are needed as much by children in homes headed by life term prisoners as they are by children reared in homes of numerical top term prisoners. A numerical top term ascribed to a life sentence is as likely to benefit the minors of a prisoner serving a life sentence, children of a parent serving, or having served, a life term emotionally, economically, and legally as it does other children, and would secure greater dignity and social legitimacy for them and their families.

282.  Minors, Plaintiff's children, grandchildren, and the progeny of other similarly situated

prisoners have the same needs for emotional, legal, and economic security; personal dignity'

familial stability; and social acceptance and legitimacy for their families and themselves as do

children and their progeny of numerical term prisoners, including the need for clearly defined

and readily recognized legal relationships to the law and with both parents.  Plaintiff's children,

and other children of similarly situated prisoners suffer great hardships and uncertainty due to the

vagueness and unspecificity of a life term.  Such children are robbed of a knowable date upon

which their parent will return home, and once released recidivism is greater due to additional

time served as a direct or proximate result of Defendants' arbitrary practices towards life term

prisoners.  Children whose parents cannot access or afford legal representaion would, in

particular, benefit from access to, and ready recognition of, the automatic parent-child ties that a

numerical top term provides to children whose parent is imprisoned.

283.  Such clear definition of the parent-child relationship to the law and the parent's release

date is especially important during times of crisis, such as medical emergencies or the death of

the unimprisoned parent.  Secure legal ties can assure continuity in the child's relationship with

the surviving parent and minimize the risk of claims by others for permanent custody.  Likewise,

should parents separate, secure legal ties afforded by a knowable release date for the imprisoned

parent make it unlikely for one parent arbitrarily to seek to cut off the other parent-child

relationship.  A numerical top term ascribed to a life term, in this way and others set forth herein,

increases the overall economic resources available to children, whether the marriage continues or

ends by death or divorce.  Confusion regarding the imprisoned parent's release date and legal

status, as is commonly experienced by Plaintiff and in most  life term situations, thus threatens

the well-being of minors and the children of parents, one of whom is serving a life term.

284.   Ascribing a 75 year top number to a life sentence, and applying commutation, work, and minimum credits in remission  of a life sentence is in the best interest and will benefit children of life term prisoners and the prisoners themselves, without having any detrimental effect on numerical top term prisoners or their children.

285.   Youth -- whether they have or had a life term, or numerical term prisoner parent or single parents -- are also harmed by the exclusion of life term prisoners from numerical terms.  These youth receive the message that they, and their imprisoned parent, are not worthy of the estimation of Defendants, and that they are therefore not valued equally by their government and communities.  Such discrimination and stigmatization compounds psychological harm and contributes to disproportionate rates of substance abuse, victimization, bullying, criminal activity, depression, and suicide.


## Claim Twelve:  No Valid Justification for Exclusion

286.   Plaintiff reallege and incorporate by reference the preceding allegations as if fully set forth fully herein.

287.   The continued exclusion of life term prisoners from the same rights, considerations, privileges, and benefits as those with a numerical top term is consistent with the historical practice of marginalizing and demeaning disfavored groups by excluding them from the most favored legal status.  Classifications based on a novel legal status to which Plaintiff is relegated have a history of fueling invidious discrimination.  In New Jersey and nationwide, life term prisoners have been the subject of marginalization and discrimination.

288.   In other areas of its law, New Jersey has recognized that life term prisoners are subject to discrimination, and that such discrimination is harmful and should be illegal.  For example, the

State Supreme Court discussed the effect of a life sentence and adopted the Attorney General's determination, based on the Parole Book, that a life sentence was equal to seventy-five (75) years for purposes of parole eligibility. New Jersey Prosecutors have proffered the legal argument that there must be a "specific term" on the "top" number of a life sentence.

289. Even in maintaining a separate system of parole eligibility for life term prisoners, the State recognizes that life term prisoners form lasting relationships with family members for the purposes of mutual support and love, and evinces its state interest in promoting the durability and stability of these relationships which aid in rehabilitation and reduce recidivism.

290. The State also recognizes, and penalogical, psychological, and social science literature supports, that persons convicted of homicide have the lowest rate of recidivism of all felons. Thus, the State, which has disavowed reliance upon "likelihood" justification when issuing a parole "hit" on life term prisoners and excluding them from equitable consideration for release, recognizes the right of life term prisoners to raise their own children, and places foster children in paroled prisoner's homes through the Division of Youth and Family Services.

291. The State previously sought to justify its exclusion of life term prisoners from release upon completion of the stipulative portion of a sentence in part by reference to its interest with uniformity with other states' laws. In the region surrounding New Jersey, all provide or recognize numerical top number terms on a life sentence. Today, because New Jersey designates the legal relationships of life term prisoners as something other than a numerical term, it is increasingly outof-step with the majority of surrounding states, and denies life term prisoners the stature accorded them in many neighboring jurisdictions -- even in those that do not themselves issue a numerical value to a life term.

292. The State has no legitimate interest in denying life term prisoners to a numerical top term. Indeed, the State has an interest in promoting the stability of family contact, rehabilitation, alleviating overcrowding, reducing recidivism and in promoting positive outcomes for children raised by a prisoner parent. The categorization of life term prisoners as less than, different from, and inferior to the legal relationship numerical term prisoners hold to the law undermines these interests.

## CLAIMS FOR RELIEF

293. The Plaintiff, and other similarly situated prisoners are harmed by the stigmatizing, separate-but-unequal system of "life" sentence terms maintained by New Jersey. The exclusion of the Plaintiff, and other similarly situated prisoners from a numerical top term is at best irrational, and at worst, an intentional signal of governmental disapproval of life term prisoners and an invitation to discriminate against these prisoners and their children.

294. Though the exclusion of life term prisoners from a numerical top term, and application of commutation, work, and minimum credits lacks even a rational basis, the State's exclusion must be subjected to a heightened standard of review, because it is a classification that invites arbitrary assignment and disparate treatment, and because it impinges upon fundamental rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

1) Declaring that denying the Plaintiff a life sentence that is a numerical term between 30 years and life is unconstitutional and not authorized by Code *N.J.S.A.* 2C:11-3(b);

2) Declaring that denying the Plaintiff the benefit of the determination by the Attorney General of New Jersey that life according to statute *N.J.S.A.* 2C:11-3(b) is deemed to be seventy-five (75) years is unconstitutional;

3) Declaring that Defendants apply Plaintiff's earned Work Credits and/or Minimum Credits in remittance of his sentence pursuant to *N.J.S.A.* 30:4-92;

4) Declaring that Defendants apply Plaintiff's awarded Commutation Credits in remittance of his sentence pursuant to *N.J.S.A.* 30:4-123.51(b) and *N.J.S.A.* 30:4-140;

5) Declaring that denying the Plaintiff the right to a numerical term for parole purposes and relegating him to ambiguous, arbitrary, and potentially infinite term exceeds the statutory maximum sentence for "such an offense" is unconstitutional.

6) Declaring that denying the Plaintiff a numerical top term and relegating him to an ambiguous and inferior status violates his rights, his spouse's, and his children's rights under Article I, Paragraph 1 of the New Jersey Constitution and the Fourteenth Amendment to the Constitution of the United States, and for similarly situated prisoners who receive numerical terms in another jurisdiction, declaring that it is unconstitutional for the Defendants to deny recognition of life terms assigned validly entered in other jurisdictions by similarly situated prisoners, as worthy of a numerical top term.

7) Permanently enjoining Defendants from denying the Plaintiff the right to a numerical top term of seventy-five (75) years for the purposes of parole in New Jersey or from limiting him to an ambiguous non-numerical term, and for those similarly situated prisoners who legally are accredited a numerical top term in another jurisdiction, enjoining Defendants from denying recognition of the similarly situated prisoners who legally are accredited a numerical top term;

8)   Permanently enjoining Defendants from denying the Plaintiff the right to be free from unequal workplace benefits and protections;

9)   Declaring that Defendants have breached their statutory and contractual obligations with Plaintiff;

10)   Permanently enjoining Defendants from denying the Plaintiff equal treatment and recognition in public accommodations and civic life;

11)   Permanently enjoining Defendants from denying the Plaintiff equal parole considerations and protections;

12)   Permanently enjoining Defendants from denying the Plaintiff similar and equal financial rights and benefits;

13)   Permanently enjoining Defendants from subverting equal consideration by private individuals;

14)   Permanently enjoining Defendants from excluding the Plaintiff from equal treatment and thereby preventing stigmatization, psychological harm, and dignitary harm.

15)   Permanently enjoining Defendants from denying the Plaintiff's children the right to be free from specific harms;

16)   Permanently enjoining Defendants from denying the Plaintiff the right to be free from unjustifiable exclusion;

17)   Awarding the Plaintiff punitive and compensatory damages from each of the above named Defendants, in his or her personal capacity, for violation(s) of Plaintiff's rights listed in each Claim.

18)   Awarding the Plaintiff legal fees and costs; and

19)   Any other relief as it is deemed just and warranted.

## JURY DEMAND

For good cause and for the reasons set forth above, Plaintiff demands a jury trial.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action,
that he has read the above complaint and that the information contained in the complaint is true
and correct. 28 *U.S.C* § 1746; 18 *U.S.C* § 1621.

## CERTIFICATION OF NO OTHER ACTIONS

The undersigned hereby certifies pursuant to R. 4.5-1(b)(2) that the matter in controversy is
not the subject of any other action pending in any other court or a pending arbitration
proceeding, and no other action or arbitration proceeding is contemplated.  Further, other than
the parties set forth in this complaint, the undersigned knows of no other parties that should be
made a part of this lawsuit, with the caveat that it is in the court's discretion whether or not to
assign this matter Class Action status pursuant to Federal Rule of Civil Procedure *R*. 23.  In
addition, the undersigned recognized the continuing obligation to file and serve on all parties and
the court an amended certification if there is a change in the facts stated in this original
certification.

Executed at:  East Jersey State Prison
1100 Woodbridge Road
Rahway, New Jersey 07065-5517 on ___9-16-14___ .

Respectfully submitted by,

Edward Kates

Edward Kates, *Pro Se*
Prisoner's Original Signature