**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWARD KATES, | : | |
| | : | Civil Action No. 14-5769 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY GOVERNOR CHRIS CHRISTIE, et al., | : | |
| | : | |
| Defendants. | : | |

**LINARES**, District Judge:

Plaintiff, Edward Kates, filed a complaint against Defendants on September 16, 2014. (ECF No. 1). On March 12, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2). At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set out below, Plaintiff's complaint will be dismissed, and plaintiff's motion for class certification and application for pro bono counsel will be denied as moot.

**I. BACKGROUND**

The following facts are drawn from the allegations contained in Plaintiff's complaint. (ECF No. 1). Plaintiff is a convicted prisoner currently incarcerated at East Jersey State Prison in Rahway, New Jersey. (ECF No. 1 at 3). On July 3, 1991, Plaintiff was sentenced to a term of life imprisonment with a thirty year period of parole ineligibility pursuant to New Jersey's murder statute, N.J. Stat. Ann. § 2C:11-3(b). (*Id.* at 34). Plaintiff alleges that during his incarceration he has been continually employed by the prison, and thus should have earned work credits towards an early release. (*Id.* at 46). Plaintiff also suggests that he is entitled to commutation credits and minimum status credits. (*Id.* at 36, 46-47).

In his complaint, Plaintiff also details the numerous attempts he has made at administratively resolving his claims. Plaintiff has submitted several remedy forms and letters requesting that he be given a numerical maximum sentence (as opposed to life), that he be given the benefit of his alleged credits, that his life sentence be found to be unlawful, and that his life sentence be treated as a seventy five year term reducible through various credits. (*Id.* at 34-40). Plaintiff's requests have been denied, as administration and the parole board have noted that Plaintiff has been sentenced to a term of life, and that neither his life sentence nor his thirty year parole disqualifier can be reduced through the credits to which he is entitled. (*Id.*). In one instance, Plaintiff states that he was informed through the inmate remedy system that his "release date for DOC will always be life." (*Id.* at 37). In an attempt to show that various life sentence inmates have been treated differently by the Department of Corrections, Plaintiff alleges that other inmates have been told that "75 year is considered life."[1]  *Id.* at 41.

---

[1] The "75 Years" concept appears to arise out of New Jersey's No Early Release Act, N.J. Stat. Ann. § 2C:43-7.2(b) which states that "[s]olely for the purpose of calculating the minimum term of parole ineligibility pursuant [the No Early Release Act], a sentence of life imprisonment shall

Plaintiff now brings suit claiming that his sentence is unlawful, that he has been denied the protections of the New Jersey Constitution, that his treatment as a life term inmate violates the Due Process and Equal Protection clauses of the Fourteenth Amendment, that the State has breached its employment contract with Plaintiff by denying him work credits, and that the undefined length of his sentence subjects him and other life term prisoners to unfair treatment, recognition, and financial issues, as well as causes discrimination and the families of such prisoners to suffer a social stigma. (*Id.* at 30-64). As Defendants, Plaintiff names the current Governor of New Jersey, the current members of the State Legislature (both the Senate and Assembly), the Commissioner of the N.J. Department of Corrections, and the members of New Jersey's Parole Board, all of whom are named jointly, severally, and in both their individual and official capacities. (*Id.* at 3-32). Plaintiff seeks both injunctive and monetary relief from Defendants.[2]

## II. DISCUSSION

### A. Legal Standard

---

be deemed to be 75 years."

[2] Plaintiff's complaint provides few other facts, but contains many pages of allegations which the Court need not discuss to perform its screening inquiry. Most of these allegations are duplicative of the facts herein laid out or otherwise restate Plaintiff's other claims in an alternative manner.

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who has been granted *in forma pauperis* status and seeks damages from governmental employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*,

---

[3]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

764 F.3d 303, 308 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Analysis

In addition to numerous state law claims, Plaintiff raises two federal claims, both of which arise out of violations of the Fourteenth Amendment which Plaintiff suggests are actionable under 42 U.S.C. § 1983. Section 1983 provides "private citizens with a means to redress violations of federal law committed by state individuals." *Woodyard v. Cnty. Of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). A plaintiff states a claim under the statute where he shows that he was deprived of a federal constitutional or statutory right by an individual acting under color of state law. *Id.* In evaluating such a claim, the Court must first identify the contours of the right which Plaintiff alleges has been violated and determine whether Plaintiff has successfully pled such a violation. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Based on the allegations in Plaintiff's complaint, Plaintiff has raised two Fourteenth Amendment claims: that a life term under the New Jersey Statute violates a prisoner's Due Process rights, and that such a term provides for disparate treatment and therefore violates the Equal Protection Clause. Because Plaintiff's § 1983 claims are based upon the assertion that Plaintiff is serving an unlawful sentence and is being denied the benefits of his commutation, work, and minimum credits, those claims are not actionable under § 1983, and shall be dismissed.

5

### 1. Plaintiff's claims are not cognizable under § 1983

Although Plaintiff attempts to plead that he is seeking neither an immediate nor speedier release, that is, in effect, what he seeks.  Plaintiff brings two federal claims: that the denial of a numerical maximum term and the ability to apply commutation, work, and minimum credits to their parole eligibility amounts to an equal protection violation (as life prisoners are treated differently from non-life prisoners); and that the lack of a numerical maximum to which benefits would apply deprives life prisoners of liberty without due process of law.  Plaintiff's requests for relief clearly establish that he is seeking that his sentence be reduced in so much as he requests: that his sentence be declared unconstitutional or unlawful, that Plaintiff's earned work, commutation, and minimum credits be applied to his parole eligibility and maximum term, requiring that the maximum sentence for murder be reduced to a set term of 75 years, as well as fees and monetary damages for the inflicted disparate treatment.[4]

The issues Plaintiff raises in his Fourteenth Amendment claims, that he be given a numerical maximum term and that credits be applied to his life sentence, have previously been raised in this District.  *See generally Brown v. Christie*, No. 10-1572, 2010 WL 5149341 (D.N.J. Dec. 13, 2010), *affirmed*, 432 F. App'x 45 (3d Cir. 2011).[5]  In that case, this Court recognized

---

[4] Plaintiff also requests various forms of injunctive relief relating to his less defined claims such as orders that life prisoners receive equal consideration from private individuals or that life prisoners' children be "free from specific harms."  These forms of "relief" arise, however, out of Plaintiff's pleadings of general unfair treatment or stigmatization which do not appear to state a claim for relief separate from Plaintiff's claims under the New Jersey Constitution of the Fourteenth Amendment.

[5] Although the claims in *Brown* had the added wrinkle that the plaintiff there also claimed that the No Early Release Act had, in some unspecified way, been unlawfully applied to him

that, under *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Brown*, 2010 WL 5149341, at *3 (quoting *Preiser*, 41 U.S. at 500). This Court also held that a claim such as those here, which seeks money damages "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at *4 (quoting *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994)). As the requested prospective relief requested in that case, which parallels that which Plaintiff requests here, was only available by way of a habeas petition, and the monetary relief sought was not cognizable under § 1983 until such time as the plaintiff's conviction had been overturned, this Court dismissed that complaint for failure to state a claim for which relief could be granted. *Id.*

    The Court of Appeals upheld that decision, observing that

> [t]here is no basis to challenge the District Court's ruling. [The plaintiff's] allegations are not entirely clear, but what is clear is that he has not raised any challenge to the legality of any procedure or its application that might arguably be cognizable under § 1983. *Cf. Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005) (addressing challenge to state parole procedures). Instead, his apparent challenges relate solely to the "'the fact or duration of his confinement.'" *Id.* at 78, 125 S. Ct. 1242 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973)). Thus, they "lie 'within the core of habeas corpus'" and must be raised in a habeas petition. *Id.* at 79, 125 S. Ct. 1242 (quoting *Preiser*, 411 U.S. at 487, 93 S. Ct. 1827). In [the plaintiff's] case, his status as a state prisoner means that he must raise his challenges in a habeas petition under 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir.2001).

---

retroactively, Brown's claims otherwise mirror in all relevant aspects Plaintiff's claims. *Brown v. Christie*, 2010 WL 5149341 at *1-3.

> On appeal, [the plaintiff] insists that he is not seeking credits per se, but . . . [e]ntitlement to credits . . . appears to be the only conceivable benefit he might receive. He also continues to argue that his sentence is illegal under New Jersey law and that New Jersey courts "will not comply" with New Jersey law. These are habeas claims. . . . If he wants to raise [these claims] in federal court, he must do so by means of a habeas petition[.]

*Brown v. Governor of New Jersey*, 432 F. App'x 45, 46 (3d Cir. 2011).

Although Plaintiff attempts to obscure the fact by pleading his claims as Equal Protection claims or as claims for fair treatment in the face of the "stigma" of a life sentence,[6] what Plaintiff seeks here is precisely what Brown sought, that he receive the benefit of commutation, work, and minimum credits, and be treated as if his maximum sentence were seventy five years.  The only conceivable benefit Plaintiff could receive from his suit is the application of those credits or a declaration that his sentence was unlawful, and therefore his claims are habeas claims and cannot be brought under § 1983.  *Brown*, 423 F. App'x at 46.  To the extent that Plaintiff instead seeks monetary damages, success on his claims would directly impugn his sentence, and such claims are thus barred by *Heck* until such time as Plaintiff's sentence has been overturned.  *Brown*, 2010 WL 5149341, at *4 (quoting *Heck*, 512 U.S. at 489-90).

Plaintiff's federal claims brought pursuant to § 1983 must therefore be dismissed.  As no claims over which this Court has original jurisdiction remain after the dismissal of Plaintiff's §

---

[6] This Court notes both that the "stigma" in Plaintiff's case arose only because he had been convicted of murder, and that Plaintiff's equal protection claim, even were it cognizable would fail as a matter of law as Plaintiff cannot show that life-term inmates are a protected class.  *See Keenan v. City of Philadelphia*, 983 F.3d 459, 465 (3d Cir. 1992) (a claim under § 1983 requires that plaintiff plead that he was a member of a protected class and that he received different treatment from similarly situated individuals); *see also Overly v. Garman*, --- F. App'x ---, 2015 WL 1137427, at *1 (3d Cir. March 16, 2015).

1983 claims, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. §1367(c)(3). Plaintiff's complaint will therefore be dismissed without prejudice. As the Court is dismissing the complaint in its entirety, the complaint shall also dismiss as moot Plaintiff's motion for class certification (ECF No. 2) and application for pro bono counsel. (ECF No. 3).

## III. CONCLUSION

For the reasons stated above, the Court will dismiss plaintiff's complaint without prejudice and deny as moot Plaintiff's motion for class certification and application for pro bono counsel. An appropriate order follows.

DATED:   April 17, 2015

s/ Jose L. Linares
JOSE L. LINARES
U.S. DISTRICT JUDGE
