NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWARD KATES,

    Plaintiff,

v.

NEW JERSEY GOVERNOR CHRIS CHRISTIE, et al.,

    Defendants.

Civil Action No. 14-5769 (JLL)

**OPINION**

**LINARES**, District Judge:

Plaintiff, Edward Kates, filed a complaint against Defendants on September 16, 2014. (ECF No. 1). On March 12, 2015, this Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2). On April 21, 2015, this Court entered an order and opinion dismissing Plaintiff's complaint without prejudice for failure to state a claim for which relief could be granted following *sua sponte* screening. (ECF No. 6, 7). On April 30, 2015, Plaintiff filed a motion for reconsideration of that order. (ECF No. 9). Petitioner has also filed motions for leave to file an amended complaint and for the issuance of a certificate of appealability. (ECF No .10, 11). For the reasons set out below, this Court will deny Plaintiff's motion for reconsideration, and will deny without prejudice Plaintiff's motion for leave to amend and for a certificate of appealability for lack of jurisdiction.

## I. BACKGROUND

As this Court previously summarized the facts underlying Plaintiff's complaint in its April 21, 2015 opinion (ECF No. 6), only a brief summary of this Court's prior decision and Plaintiff's motion is necessary here. On April 21, 2015, this Court dismissed Plaintiff's 42 U.S.C. § 1983 claims as plaintiff is a life sentence inmate seeking to have his life sentence declared unlawful, to gain the benefits of work, commutation, and minimum status credits, and to have his life sentence effectively reduced to a seventy-five year term sentence, and as such his claims are not cognizable under § 1983. (ECF No. 1 at 34, 46-47; ECF No. 6 at 6-9). Plaintiff now asks this Court to reconsider that decision, arguing that he seeks only a possible review of his sentence, and not a speedier or immediate release, and as such his claims are not barred by either *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), or *Heck v. Humpries*, 512 U.S. 477, 489-90. (ECF No. 9 at 2-11).[1]

## II. DISCUSSION

### A. Legal Standard

Motions for reconsideration are to be granted sparingly and only when Plaintiff has met the high standard required to merit such relief. *Delanoy v. Twp. Of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015). "A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when

---

[1] Plaintiff also argues that Defendants are not entitled to qualified immunity. As this Court did not base its dismissal on immunity grounds, that argument is of no moment and does not address the basis for this Court's prior order, and therefore is an improper basis for reconsideration.

2

the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice.'" *Id.* (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment but were not, and courts should only grant such a motion where the prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Id.*

**B. Analysis**

Plaintiff's main argument for reconsideration is that his claims do not seek his immediate or speedier release, and are thus not barred by the *Preiser* and *Heck* doctrines. Under *Preiser*, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Brown v. Christie*, No. 10-1572, 2010 WL 5149341 (D.N.J. Dec. 13, 2010), *affirmed*, 423 F. App'x 45 (3d Cir. 2011). Under *Heck*, the habeas bar is extended to those cases where a plaintiff seeks money damages "attributable to an unconstitutional conviction or sentence," and as such any such claim "does not accrue until the conviction or sentence has been invalidated." *Id.* (quoting *Heck*, 512 U.S. at 489-90). Thus, a prisoner may not use § 1983 to challenge "the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Under this doctrine, any claim which necessarily would result in the shortening of a sentence if succesful, including by requiring the application of time credits, lies "at the core of habeas corpus" and is thus not cognizable under § 1983. *Id.* at 79. Prisoners may therefore not use § 1983 "to obtain the restoration of [good time or similar]

3

credits." *Id.* Although Prisoner's may bring claims which attack only the procedures used to make a determination without attacking the determination itself, such as by attacking the procedures used to make parole determinations, *Id.* at 80-82, if a plaintiff's success "would necessarily demonstrate the invalidity of [his] confinement or its duration," that action is barred "no matter the relief sought[, and] no matter the target of the prisoner's suit." *Id.* at 81-82.

Here, Plaintiff attempts to argue, as he alleged in his complaint, that he does not seek an immediate or speedier release, only an eligibility review. (ECF No. 9 at 10). In that same sentence, however, Plaintiff states directly to the contrary that he is seeking "application of the statutorily guaranteed commutation credits" to his sentence. (*Id.*). Plaintiff is not seeking a parole eligibility review as he attempts to suggest. Throughout his complaint he makes it clear that he, like the plaintiff in *Brown*, is asking this Court to find his life sentence illegal, to find that his sentence should be treated not as an interminable life sentence but to a set term of 75 years, and to hold that commutation, work, and other credits apply to reduce that set term sentence. As with the plaintiff in *Brown*, it is clear that the benefit Plaintiff seeks is to have his sentence declared void, reduced to a set 75 year term, and then further reduced by his "earned" credits. The "only conceivable benefit he might receive," as in *Brown*, is a speedier or immediate release and monetary damages stemming from his "illegal" detention. *Brown v. Governor of New Jersey*, 432 F. App'x 45, 46 (3d Cir. 2011). As such, despite Plaintiff's contradictory assertions otherwise, his claims are properly *habeas* claims and must be raised through a habeas petition, or fail to accrue until such time as his sentence is overturned through such a petition. *Id.* This Court therefore did not commit a clear error of fact or law, and reconsideration is therefore not appropriate at this time. As Plaintiff does not claim any new evidence nor that the controlling law has changed since

the Court's April 21, 2015, decision, no valid grounds for reconsideration exist, and this Court will deny Plaintiff's reconsideration motion. *Delanoy*, 2015 WL 2235103 at *2.

Finally, this Court notes that Plaintiff has also filed a motion for leave to file an amended complaint and a motion for the issuance of a certificate of appealability. (ECF No. 10, 11). After filing those motions but before this Court could rule on them, Plaintiff filed a notice of his intent to appeal this Court's April 21, 2015, order. (ECF No. 12). As Plaintiff's notice of appeal has divested this court of jurisdiction to decide these motions, *see, e.g., United States v. Georgiou*, 777 F.3d 125, 145 (3d Cir. 2015) (the "filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of [jurisdiction]"), this Court will deny those motions without prejudice to Plaintiff's refiling them after the conclusion of his appeal.[2]

## III. CONCLUSION

For the reasons stated above, this Court will deny Plaintiff's motion for reconsideration and deny without prejudice Plaintiff's motions leave to amend and for a certificate of appealability. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge     7/6/2015

---

[2] This Court notes, however, that a certificate of appealability is only necessary to the filing of an appeal in habeas cases brought pursuant to 28 U.S.C. §§ 2254 and 2255, *see* 28 U.S.C. § 2253(c), and that Plaintiff's complaint was dismissed without prejudice to his filing of an amended complaint.

5